#10755D

CLERK US DISTRICT COURT
NORTHERN DIST. OF TX
FILED

# UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF TEXAS

DEC -4  PM 1: 27

DEPUTY CLERK ___

**Herbert R. Putz, Plaintiff**
**Delta Farms, Corp.**                           §
**1825  Locust Grove Church Rd.**
**Orange, VA 22906**
**(540) 406 7054**

                                                 §      **CAUSE NO ___**

**vs.**                                          §      **8 -17 CV3280 - G**
                                                 §
                                                 §
**Atmos Energy Corporation**                     §
**5430 LBJ Freeway**
**1800 Three Lincoln Ctr.**
**Dallas, TX 75240**

**Service**
**Corporation Service Company**
**211 East 7th Street]**
**Austin, TX 78701**

---

**PLAINTIFFS' ORIGINAL COMPLAINT TO COMPEL DEFENDANT TO APPOINT THEIR "DISINTERESTED PERSON" TO PROCEED WITH THE ALTERNATE DISPUTE RESOLUTION STIPULATED IN THE EASEMENT AGREEMENTS.**

TO THE HONORABLE JUDGE OF SAID COURT:

      NOW COMES Plaintiffs, Herbert R. Putz (Putz) "pro se litigant" and herby applies and moves for an order compelling Defendant Atmos Energy Corporation (Atmos) to nominate and appoint their "disinterested person" to proceed with the Alternate Dispute Resolution of all claims agreed in the easement agreements.

I.

Plaintiff resides at 1825 Locust Grove Church Rd. in Orange, VA 22960.

Defendant is a Corporation, organized and existing under and by virtue of the Laws of the State of Texas with principal place of business at 5430 LBJ Freeway, Dallas, TX 75240.

II.

Herbert R. Putz (Putz) was the owners of agricultural land in Delta County TX identified in Real Property Records of Delta County at (1) Volume 65, Page 187; (2) Volume 65, Page 180; (3) Volume 65, Page 194; (4) Volume 65, Page 468; (5) Volume 65, Page 182; (6) Volume 65, Page 177; (7) Volume 65, Page 185; and (8) Volume 65, Page 192) (EXHBIT A).

The original 1930 easement agreements grant a right of way for the purpose of constructing, inspecting, repairing, maintaining/operating, and replacing a pipeline and appurtenances. Should more than one pipeline be laid, the sum of 25 cents per linear rod for each additional line shall be paid besides the damages which may arise to growing crops from the construction, maintenance and operation.

The Easement Agreement stipulates further said damages, if not mutually agreed upon to be ascertained and determined by three disinterested person, one thereof to be appointed by said Grantor, one by the said Grantee, and the third by the two so appointed as foresaid, and the written award of such three persons shall be final and conclusive.

According to Mr. B. Caroll - an Atmos employee - the work on the new pipeline began on 7/25/2013 and was completed 8/30/2013. The existing pipeline was not removed. The work performed by Atmos was the installation of 4,740 linear ft. of a new pipe equal to 287.27 rods which.caused damages to an area of our fields of 50'ft. X 4,740'ft. = 237,500 sq. ft. or a total of @ 6 acres of crop damages. (EXHBIT B)

The attorneys for Putz and Atmos tried to find a settlement but Atmos' terms of the proposed settlement agreement were not acceptable to Putz.

III.

In as much as no "meetings of the minds" for a settlement occurred the contractual agreed Alternate Dispute Resolution (ADR) is to apply. ADR is strongly favored in federal law. *Shearson/ American Express, Inc. v. McMahon, 482 US 220, 226 (1987; Moses H. Cone, Mem'l Hospital v. Mercury constr. Cor. 460 US 1,24-25 (1983).*

The Court should order ADF unless it can be said with positive assurance that the ADF clause is not susceptible to any interpretation that would cover the dispute. Any doubts concerning the scope of the ADF agreement must be resolved in favor of ADF under federal law *Harvey v. Joyce, 199 F3rd 790.*

IV.

WHEREFORE, Plaintiff Putz respectfully request that its Complaint to Compel Defendant, Atmos Energy Corporation to nominate their "disinterested person" and proceed with Alternate Dispute Resolution be granted.

Respectfully submitted,

Herbert R. Putz
1825 Locust Grove Church Rd Orange, VA 22960
hp@
(540) 406 7054

Form 278 5M—6-29

## THE STATE OF TEXAS

COUNTY OF ___ DELTA ___

KNOW ALL MEN BY THESE PRESENTS:

That for and in consideration of ___ Twenty-two and 75/100 ___

(\$ 22.75 ___) Dollars to the undersigned, ___ Mrs. Alta Hagood and Husband F.C. Hagood,

___

___

(herein styled Grantor, whether one or more) paid, the receipt of which is hereby acknowledged, the said Grantor does hereby GRANT, SELL and CONVEY unto LONE STAR GAS COMPANY, a corporation, (herein styled Grantee), its successors and assigns, the right of way and easement to construct, maintain and operate pipe lines and appurtenances thereto, and to construct, maintain and operate telegraph and telephone lines in connection therewith, together with the necessary poles, guy wires and anchors, over and through the following described

lands situate in ___ Delta ___ County, State of Texas, to-wit:

150 acres, more or less, out of the A. Askew Survey.

___

___

___

more fully described in deed from ___ C.A. Larson and Wife ___ to

Mrs. Alta Hagood & F.C. Hagood ___ recorded in Volume ___ 62 ___ Page ___ 27 ___ Deed Records of said

County, to which reference is here made for further description.

TO HAVE AND TO HOLD unto said Grantee, its successors and assigns, so long as such lines and appurtenances thereto shall be maintained, with ingress to and egress from the premises, for the purpose of constructing, inspecting, repairing, maintaining, and replacing the property of Grantee above described, and the removal of such at will, in whole or in part.

The said Grantor is to fully use and enjoy the said premises, except for the purposes hereinbefore granted to the said Grantee, which hereby agrees to bury all pipes to a sufficient depth so as not to interfere with cultivation of soil, and to pay any damages which may arise to growing crops or fences from the construction, maintenance and operation of said pipe, telegraph and telephone lines; said damages, if not mutually agreed upon, to be ascertained and determined by three disinterested persons, one thereof to be appointed by the said Grantor, one by the said Grantee, and the third by the two so appointed as aforesaid, and the written award of such three persons shall be final and conclusive. Should more than one pipe line be laid under this grant at any time, the sum of twenty-five cents per lineal rod for each additional line shall be paid, besides the damages above provided for.

~~Upon written application to the Grantee at Dallas, Texas, the Grantee will make conveyance to the Grantor...~~

It is expressly agreed that telegraph and telephone poles above referred to shall

follow the fence, road or property line of the above described property.

___

The consideration first above recited as being paid to Grantor by Grantee is in full satisfaction of every right hereby granted. All covenants and agreements herein contained shall extend to and be binding upon the respective heirs, legal representatives, successors and assigns of the parties hereto.

It is hereby understood that party securing this grant in behalf of Grantee is without authority to make any covenant or agreement not herein expressed.

Witness the execution hereof on this the 11th day of February A.D. 19 30

Signed and delivered in the presence of the undersigned witnesses:

*Mrs. Alta Hagood*

*F.C. Hagood*

*S.N. Harris*
Right of Way Agent.

THE STATE OF TEXAS

COUNTY OF __Delta__

Before me, __J.T.Taylor__, a Notary Public in and for said County and State, on this day personally appeared __J.P. Simpson__, known to me to be the person__ whose name___ is___ subscribed to the foregoing instrument and acknowledged to me that __he__ executed the same for the purposes and consideration therein expressed.

Given under my hand and seal of office on this the __24__ day of __February__, A.D. 19__20

(SEAL)

_J T Taylor_
Notary Public in and for
__Delta__ County, Texas.

FORM #11 500 2-28

THE STATE OF TEXAS,  )
                      )
COUNTY OF __Delta__   )

BEFORE ME, __J. T. Taylor__, a Notary Public in and for said County and State, on this day personally appeared __Cara Simpson, Guardian__ known to me of Hobart Gillean, Herman Gillean and Vay Gillean, minors, known to me to be the person__ whose name___ is___ subscribed to the foregoing instrument, and acknowledged to me that __he__ executed the same for the purposes and consideration therein expressed and in the capacity therein stated.

GIVEN UNDER MY HAND AND SEAL of office on this the __24__ day of __February__, A.D. 19 30.

(SEAL)

_J T Taylor_
Notary Public in and for
__Delta__ County, Texas.

Line_____

No._____ 0-16-

__Delta__ County, Texas

__J.P. Simpson and wife__

P. O. Address __Pecan, Texas__

to

LONE STAR GAS COMPANY
1815 Wood Street,
Dallas, Texas.

Filed for Record this the __16__ day
of __March__, 19__ __
Approved: _____
County Clerk

By _____ Deputy

Engineer _____

Attorney _____

Approved: _____

Indexed: _____

Form 278 4½—6-29

016176

THE STATE OF TEXAS

COUNTY OF ___DELTA___ } KNOW ALL MEN BY THESE PRESENTS:

That for and in consideration of ___Twelve and 50/100___

(\$ 12.50 ) Dollars to the undersigned ___D.O. Slough and Wife, Delia Slough and___

___Lillie Carroll, a feme sole,___

(herein styled Grantor, whether one or more) paid, the receipt of which is hereby acknowledged, the said Grantor does hereby GRANT, SELL and CONVEY unto LONE STAR GAS COMPANY, a corporation, (herein styled Grantee) its successors and assigns, the right of way and easement to construct, maintain and operate pipe lines and appurtenances thereto, and to construct, maintain and operate telegraph and telephone lines in connection therewith, together with the necessary poles, guy wires and anchors, over and through the following described

lands situate in ___Delta___ County, State of Texas, to-wit:

___120 acres, more or less, out of the A. Askey Survey,___

more fully described in deed ___from___ ___Lillie Carroll___ to

___D.O. Slough___ recorded in Volume ___60___, Page ___224___, Deed Records of said

County, to which reference is here made for further description.

TO HAVE AND TO HOLD unto said Grantee, its successors and assigns, so long as such lines and appurtenances thereto shall be maintained, with ingress to and egress from the premises, for the purpose of constructing, inspecting, repairing, maintaining, and replacing the property of Grantee above described, and the removal of such at will, in whole or in part.

The said Grantor is to fully use and enjoy the said premises, except for the purposes hereinbefore granted to the said Grantee, which hereby agrees to bury all pipes to a sufficient depth so as not to interfere with cultivation of soil, and to pay any damages which may arise to growing crops or fences from the construction, maintenance and operation of said pipe, telegraph and telephone lines; said damages, if not mutually agreed upon, to be ascertained and determined by three disinterested persons, one thereof to be appointed by the said Grantor, one by the said Grantee, and the third by the two so appointed as aforesaid, and the written award of such three persons shall be final and conclusive. Should more than one pipe line be laid under this grant at any time, the sum of twenty-five cents per lineal rod for each additional line shall be paid, besides the damages above provided for.

Upon written application to the Grantee at Dallas, Texas, the Grantee will make or cause to be made a tap on any gas pipe line constructed by Grantee on Grantor's premises for the purpose of supplying gas to the Grantor for domestic use only, the cost of meter, saddle and labor to be borne by said Grantee, all other expenses, including fittings, to be borne by Grantor, gas to be measured and furnished at the main line of Grantee at the same price and under the same rules and regulations as prevail in the nearest city or town where Grantee is supplying gas.

It is expressly agreed that telegraph and telephone poles above referred to shall follow

the fence, road or property line of the above described property.

The consideration first above recited as being paid to Grantor by Grantee is in full satisfaction of every right hereby granted. All covenants and agreements herein contained shall extend to and be binding upon the respective heirs, legal representatives, successors and assigns of the parties hereto.

It is hereby understood that party securing this grant in behalf of Grantee is without authority to make any covenant or agreement not herein expressed.

Witness the execution hereof on this the ___12th___ day of ___February___, A.D. 19 30

Signed and delivered in
the presence of the un-
designed witnesses:

_Lillie Carroll_

_D O Slough_

_S W Harris_
Right of Way Agent.

_Delia Slough_

THE STATE OF TEXAS
COUNTY OF ____DELTA____

Before me, ____Louis M. Taylor____, a Notary Public in and for said County and
State, on this day personally appeared ____D. O. Slough and Lillie Carroll,____
____a feme sole,____ _____, known to me to be
the person S whose name ____are____ subscribed to the foregoing instrument and acknowledged to me that____
t hey executed the same for the purposes and consideration therein expressed.

Given under my hand and seal of office on this the 18th day of ____February____, A.D. 19 30

(SEAL)                                          ____Louis M. Taylor____
                                                Notary Public in and for

                                                ____Delta____ County, Texas.


THE STATE OF TEXAS
COUNTY OF ____DELTA____

Before me, ____Louis M. Taylor____, a Notary Public in and for said County and State, on
this day personally appeared ____Delia Slough____, wife of ____D. O. Slough____,
known to me to be the person whose name is subscribed to the foregoing instrument, and having been examined
by me privily and apart from her husband and having the same fully explained to her, she, the said ____
____Delia Slough____, acknowledged such instrument to be her act and deed and declared that she
had willingly signed the same for the purposes and consideration therein expressed, and that she did not wish to
retract it.

Given under my hand and seal of office on this the 18th day of ____February____, A.D. 19 30

(SEAL)                                          ____Louis M. Taylor____
                                                Notary Public in and for

                                                ____Delta____ County, Texas


RECEIVED AND INDEXED

Line No. 13 76

Delta                                    County, Texas

D. O. Slough

P. O. Address

to

LONE STAR GAS COMPANY
1915 Wood Street,
Dallas, Texas.

Filed for Record this the ___ day
of _____ 192__  __ M.
Approved: _____ County Clerk

By _____ Deputy

Approved: _____ Attorney

Indexed

THE STATE OF TEXAS:
COUNTY OF DELTA: I hereby certify that the above and foregoing instrument
was duly and correctly ____ on the ____ 18 ____ day of
____March____ 30  4:30  P. ____ o ____ 65 ____
____duly recorded____ ____ in the ____ ____ county, Texas,
____ office on 18 ____ March ____ 1930

Witness my hand ____
____Bertha Edwards____ ____ Clerk ____ ____ County, Texas

_____ Deputy

Form 22  1M-5-18

016177

THE STATE OF TEXAS

COUNTY OF __DELTA__ }   KNOW ALL MEN BY THESE PRESENTS:

That for and in consideration of __Thirty-five and 50/100__

($ __35.50__ ) Dollars to the undersigned __Mrs. Lena McIntosh, a widow, and Cecil__

__Counts and wife, Guinn McIntosh Counts__

(herein styled Grantor, whether one or more) paid, the receipt of which is hereby acknowledged, the said Grantor does hereby GRANT, SELL and CONVEY unto LONE STAR GAS COMPANY, a corporation, (herein styled Grantee), its successors and assigns, the right of way and easement to construct, maintain and operate pipe lines and appurtenances thereto, and to construct, maintain and operate telegraph and telephone lines in connection therewith, together with the necessary poles, guy wires and anchors, over

and through the following described lands situate in ____Delta____ County, State of Texas, to-wit:

115 acres, more or less, out of the A.Asher Survey,

more fully described in deed from __T.R. Milligan__ to

__Harris McIntosh__ recorded in Volume __38__, Page __317__, Deed Records of said

County, to which reference is here made for further description.

TO HAVE AND TO HOLD unto said Grantee, its successors and assigns, so long as such lines and appurtenances thereto shall be maintained, with ingress to and egress from the premises, for the purpose of constructing, inspecting, repairing, maintaining, and replacing the property of Grantee above described, and the removal of such at will, in whole or in part.

The said Grantor is to fully use and enjoy the said premises, except for the purposes hereinbefore granted to the said Grantee, which hereby agrees to bury all pipes to a sufficient depth so as not to interfere with cultivation of soil, and to pay any damages which may arise to growing crops or fences from the construction, maintenance and operation of said pipe, telegraph and telephone lines; said damages, if not mutually agreed upon, to be ascertained and determined by three disinterested persons, one thereof to be appointed by the said Grantor, one by the said Grantee, and the third by the two so appointed as aforesaid, and the written award of such three persons shall be final and conclusive. Should more than one pipe line be laid under this grant at any time, the sum of twenty-five cents per lineal rod for each additional line shall be paid, besides the damages above provided for.

Upon written application to the Grantee at Dallas, Texas, the Grantee will make or cause to be made a tap on any gas pipe line constructed by Grantee on Grantor's premises for the purpose of supplying gas to the Grantor for domestic use only, the cost of meter, saddle and labor to be borne by said Grantee, all other expenses, including fittings, to be borne by Grantor, gas to be measured and furnished at the main line of Grantee at the same price and under the same rules and regulations as prevail in the nearest city or town where Grantee is supplying gas.

It is expressly agreed that telegraph and telephone poles above referred to shall follow the fence, road or property line of the above described property.

The consideration first above recited as being paid to Grantor by Grantee is in full satisfaction of every right hereby granted. All covenants and agreements herein contained shall extend to and be binding upon the respective heirs, legal representatives, successors and assigns of the parties hereto.

It is hereby understood that party securing this grant in behalf of Grantee is without authority to make any covenant or agreement not herein expressed.

Witness the execution hereof on this the __21st__ day of __February__, A.D. 19__20__.

Signed and delivered in
the presence of the un-
dersigned witnesses:

*Mrs Lena Mc Intosh*

*Guinn McIntosh Counts*

*B. H. Harris*
Right of Way Agent.

*Cecil Counts*

THE STATE OF TEXAS

COUNTY OF _____ ELLIS _____

Before me, _____ B.N.Barton _____, a Notary Public in and for said C
State, on this day personally appeared _____ Mrs. Lena McIntosh, a widow, and _____ known to x
_____ Cecil Counts _____
the persons whose names _____ are _____ subscribed to the foregoing instrument, and acknowledge
that _____ t he y _____ executed the same for the purposes and consideration therein expressed.

Given under my hand and seal of office on this the 21st day of _____ February _____ A. D. 1

(SEAL)                                         _B.N.Barton_
                                              Notary Public in and r

_____ Ellis _____ County, Texas

THE STATE OF TEXAS

COUNTY OF _____ ELLIS _____

Before me, _____, a Notary Public in and for said County and State,
on this day personally appeared _____ Guinn McIntosh Counts _____, wife of _____ Cecil Counts _____
known to me to be the person whose name is subscribed to the foregoing instrument, and having been ex-
amined by me privily and apart from her husband and having the same fully explained to her, she, the said
_____ Guinn McIntosh Counts _____ acknowledged such instrument to be her act and deed and declared
that she had willingly signed the same for the purposes and consideration therein expressed, and that she
did not wish to retract it.

Given under my hand and seal of office on this the 21st day of _____ February _____ A. D. 1920

(SEAL)                                         _B.N.Barton_
                                              Notary Public in and for

_____ Ellis _____ County, Texas

RECORDED AND INDEXED

Line _____ 0-143 _____

No. _____ 77 _____ County, Texas

Smith

Mrs. Lena McIntosh, et al

to

P. O. Address _____

LONE STAR GAS COMPANY
1915 Wood Street,
Dallas, Texas.

Filed for Record this the 8__ day
of _____ 192_ P
_____ Record 72 Edw. County, Texas
Approved: _____

1 ver. for
Approved: _____
Indexed

THE STATE OF TEXAS:
COUNTY OF DELTA:   I hereby certify that the above and foregoing instrument
was duly and correctly recorded in my office on the _____ 19__ _____ day of
_____ March _____ 192_ at _____ 1:45 _____ P M in Vol _____ 65 _____
Page _____ 194-5 _____ of the _____ Rec R _____ Record 72 Delta County, Texas
Witness my hand and seal of office this _19_ day of _____ March _____ 192_
_____ Bertha Edmonston _____, Court Clerk, Delta County, Texas
_____, Deputy

Form 275  5M-6-29

016178

THE STATE OF TEXAS

COUNTY OF _____ DELTA _____ }   KNOW ALL MEN BY THESE PRESENTS:

That for and in consideration of _____ Eleven and no/10 _____

(\$ 11.00 _____ ) Dollars to the undersigned, _____ Walter F. Harkness, individually and as

administrator of Estate of Mollie Harkness, deceased,

(herein styled Grantor, whether one or more) paid, the receipt of which is hereby acknowledged, the said Grantor does hereby GRANT, SELL and CONVEY unto LONE STAR GAS COMPANY, a corporation, (herein styled Grantee), its successors and assigns, the right of way and easement to construct, maintain and operate pipe lines and appurtenances thereto, ~~together with telephone and telegraph lines in connection therewith, over and upon the easements and rights of way of railroads,~~ over and through the following described

lands situate in _____ Delta _____ County, State of Texas, to-wit:

34 acres, more or less, out of the A. Askey Survey, being same land as bequeathed to
Walter F. Harkness by will of Mollie Harkness, which will is recorded in Vol. H, Page 278,
Probate Minutes of Delta County, Texas .

~~xxxxxxxxxxxxxxxxxxxx~~   ~~xxx~~

~~xxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxx~~ Deed Records of said

County, to which reference is here made for further description.

TO HAVE AND TO HOLD unto said Grantee, its successors and assigns, so long as such lines and appurtenances thereto shall be maintained, with ingress to and egress from the premises, for the purpose of constructing, inspecting, repairing, maintaining, and replacing the property of Grantee above described, and the removal of such at will, in whole or in part.

The said Grantor is to fully use and enjoy the said premises, except for the purposes hereinbefore granted to the said Grantee, which hereby agrees to bury all pipes to a sufficient depth so as not to interfere with cultivation of soil, and to pay any damages which may arise to growing crops or fences from the construction, maintenance and operation of said pipe, telegraph and telephone lines; said damages, if not mutually agreed upon, to be ascertained and determined by three disinterested persons, one thereof to be appointed by the said Grantor, one by the said Grantee, and the third by the two so appointed as aforesaid, and the written award of such three persons shall be final and conclusive. Should more than one pipe line be laid under this grant at any time, the sum of twenty-five cents per lineal rod for each additional line shall be paid, besides the damages above provided for.

Upon written application to the Grantee at Dallas, Texas, the Grantee will make or cause to be made a tap on any gas pipe line constructed by Grantee on Grantor's premises for the purpose of supplying gas to the Grantor for domestic use only, the cost of meter, saddle and labor to be borne by said Grantee, all other expenses, including fittings, to be borne by Grantor, gas to be measured and furnished at the main line of Grantee so the same price and under the same rules and regulations as prevail in the nearest city or town where Grantee is supplying gas.

The consideration first above recited as being paid to Grantor by Grantee is in full satisfaction of every right hereby granted. All covenants and agreements herein contained shall extend to and be binding upon the respective heirs, legal representatives, successors and assigns of the parties hereto.

It is hereby understood that party securing this grant in behalf of Grantee is without authority to make any covenant or agreement not herein expressed.

Witness the execution hereof on this the _____ 21st _____ day of _____ May _____ A.D. 19 30

Signed and delivered in
the presence of the un-
dersigned witnesses:

Walter F. Harkness

Administrator Estate Mollie Harkness

S. N. Harris
Right of Way Agent.

THE STATE OF ~~TEXAS~~ Colorado

COUNTY OF Denver

Before me, Nolon J. Sovle a Notary Public in and for said County and State, on this day personally appeared _____ Nolite _____, known to me to be the person whose name _____ subscribed to the foregoing instrument and acknowledged to me that he _____ executed the same for the purposes and consideration therein expressed.

Given under my hand and seal of office on this the 3rd day of May A.D. 19__

(SEAL)

_____
Notary Public in and for

Denver County, ~~Texas~~ Colorado

---

THE STATE OF TEXAS

COUNTY OF _____

Before me, _____, a Notary Public in and for said County and State, on this day personally appeared _____, wife of _____, known to me to be the person whose name is subscribed to the foregoing instrument, and having been examined by me privily and apart from her husband and having the same fully explained to her, she, the said _____, acknowledged such instrument to be her act and deed and declared that she had willingly signed the same for the purposes and consideration therein expressed, and that she did not wish to retract it.

Given under my hand and seal of office on this the _____ day of _____ A.D. 19__

(SEAL)

_____
Notary Public in and for

_____ County, Texas

---

RECORDED AND INDEXED

Line _____

Oil. _____

No. _____

Delta _____ County, Texas

Walter F. Harkness,

24 Broadway,

Denver, Colo.

P. O. Address

to

LONE STAR GAS COMPANY
1015 Wood Street,
Dallas, Texas.

Filed for Record July 7 day of July 1930 8 A.M.

Approved: _____

Indexed: _____

Form 272 5M—6-29

016179

THE STATE OF TEXAS

COUNTY OF __DELTA__ }   KNOW ALL MEN BY THESE PRESENTS:

That for and in consideration of _____Ten and 75/100_____

($ 10.75 ) Dollars to the undersigned, _____W.L. Beckham_____

(herein styled Grantor, whether one or more) paid, the receipt of which is hereby acknowledged, the said Grantor does hereby GRANT, SELL and CONVEY unto LONE STAR GAS COMPANY, a corporation, (herein styled Grantee), its successors and assigns, the right of way and easement to construct, maintain and operate pipe lines and appurtenances thereto, ~~and to construct, maintain and operate telephone and telegraph lines in connection therewith, together with telephone and telegraph lines~~, over and through the following described

lands situate in _____Delta_____ County, State of Texas, to-wit:

3½ acres, more or less, out of the A.Askey Survey,

more fully described in deed __from_____ Sue A. Redus _____ to

__W.L.Beckham_____ recorded in Volume __39__, Page __472__, Deed Records of said

County, to which reference is here made for further description.

TO HAVE AND TO HOLD unto said Grantee, its successors and assigns, so long as such lines and appurtenances thereto shall be maintained, with ingress to and egress from the premises, for the purpose of constructing, inspecting, repairing, maintaining, and replacing the property of Grantee above described, and the removal of such at will, in whole or in part.

The said Grantor is to fully use and enjoy the said premises, except for the purposes hereinbefore granted to the said Grantee, which hereby agrees to bury all pipes to a sufficient depth so as not to interfere with cultivation of soil, and to pay any damages which may arise to growing crops or fences from the construction, maintenance and operation of said pipe ~~lines, or telephone or telegraph~~ lines; said damages, if not mutually agreed upon, to be ascertained and determined by three disinterested persons, one thereof to be appointed by the said Grantor, one by the said Grantee, and the third by the two so appointed as aforesaid, and the written award of such three persons shall be final and conclusive. Should more than one pipe line be laid under this grant at any time, the sum of twenty-five cents per lineal rod for each additional line shall be paid, besides the damages above provided for.

~~It is further agreed that the Grantee shall have the right from time to time to lay construct reconstruct, operate, maintain, inspect, alter, repair, replace, change the size of and remove one additional line of pipe approximately parallel with said line herein granted, upon payment of a similar consideration and subject to the same conditions as the original grant, together with all the rights and privileges of the original grant for each additional line so laid, the damages, if any, in the laying of each additional line to be paid for as above described.~~

Above described property is no part of Grantor's homestead.

The consideration first above recited as being paid to Grantor by Grantee is in full satisfaction of every right hereby granted. All covenants and agreements herein contained shall extend to and be binding upon the respective heirs, legal representatives, successors and assigns of the parties hereto.

It is hereby understood that party securing this grant in behalf of Grantee is without authority to make any covenant or agreement not herein expressed.

Witness the execution hereof on this the __26th__ day of __February_____, A.D. 19 __30__

Signed and delivered in
the presence of the un-
dersigned witnesses:                                           W. L. Beckham

S. W. Harris
Right of Way Agent.

THE STATE OF TEXAS

COUNTY OF Delta

Before me, J. T. Taylor , a Notary Public in and for said County and State, on this day personally appeared J. L. Beakham , known to me to be the person whose name is subscribed to the foregoing instrument and acknowledged to me that he executed the same for the purposes and consideration therein expressed.

Given under my hand and seal of office on the the 26 day of February , A.D. 1930

(SEAL)

_J. T. Taylor_
Notary Public in and for
Delta County, Texas.

THE STATE OF TEXAS

COUNTY OF

Before me, , a Notary Public in and for said County and State, on this day personally appeared , wife of , known to me to be the person whose name is subscribed to the foregoing instrument, and having been examined by me privily and apart from her husband and having the same fully explained to her, she, the said acknowledged such instrument to be her act and deed and declared that she had willingly signed the same for the purposes and consideration therein expressed, and that she did not wish to retract it.

Given under my hand and seal of office on this the day of , A.D. 19

(SEAL)

Notary Public in and for
County, Texas

Inst. No. Oil
No.
Delta County, Texas
J. L. Beakham
P. O. Address

to

LONE STAR GAS COMPANY
1815 Wood Street,
Dallas, Texas

Filed for Record this day of March 1930 at 12 P M
_Bertha McCorkle_ County Clerk
Deputy
Approved by
Approved: _Percy Neff_ Attorney
Indexed:

Purchase

THE STATE OF TEXAS:
COUNTY OF DELTA:     I hereby certify that the above and foregoing instrument
was filed and recorded
Inst. No.     30     5:20 P     18     day of
Vol.     182-3     Reed     Delta, Texas
This page pg No. 1     18     March 1930
_Bertha Edwards_     Clerk

Form 370 336—6-25

016/80

THE STATE OF TEXAS }

COUNTY OF____DELTA____}   KNOW ALL MEN BY THESE PRESENTS:

That for and in consideration of ____Twenty-two and 75/100____

($ __22.75__ ) Dollars to the undersigned, __Mrs. Alta. Hagood and Husband F.C. Hagood,__

(herein styled Grantor, whether one or more) paid, the receipt of which is hereby acknowledged, the said Grantor does hereby GRANT, SELL and CONVEY unto LONE STAR GAS COMPANY, a corporation, (herein styled Grantee), its successors and assigns, the right of way and easement to construct, maintain and operate pipe lines and appurtenances thereto, and to construct, maintain and operate telegraph and telephone lines in connection therewith, together with the necessary poles, guy wires and anchors, over and through the following described

lands situate in ____Delta____ County, State of Texas, to-wit:

150 acres, more or less, out of the A. Askew Survey.

more fully described in deed ___from___ ____G.A. Larson and Wife____ ____to___

Mrs. Alta. Hagood & F.C. Hagood ___recorded in Volume___ 62___, Page___ 27___ Deed Records of said

County, to which reference is here made for further description.

TO HAVE AND TO HOLD unto said Grantee, its successors and assigns, so long as such lines and appurtenances thereto shall be maintained, with ingress to and egress from the premises, for the purpose of constructing, inspecting, repairing, maintaining, and replacing the property of Grantee above described, and the removal of such at will, in whole or in part.

The said Grantor is to fully use and enjoy the said premises, except for the purposes hereinbefore granted to the said Grantee, which hereby agrees to bury all pipes to a sufficient depth so as not to interfere with cultivation of soil, and to pay any damages which may arise to growing crops or fences from the construction, maintenance and operation of said pipe, telegraph and telephone lines; said damages, if not mutually agreed upon, to be ascertained and determined by three disinterested persons, one thereof to be appointed by the said Grantor, one by the said Grantee, and the third by the two so appointed as aforesaid, and the written award of such three persons shall be final and conclusive. Should more than one pipe line be laid under this grant at any time, the sum of twenty-five cents per lineal rod for each additional line shall be paid, besides the damages above provided for.

~~Upon written application to the Grantee at Dallas, Texas, the Grantee will, at ~~...
~~...~~
~~...~~

It is expressly agreed that telegraph and telephone poles above referred to shall

follow the fence row or property line of the above described property.

The consideration first above recited as being paid to Grantor by Grantee is in full satisfaction of every right hereby granted. All covenants and agreements herein contained shall extend to and be binding upon the respective heirs, legal representatives, successors and assigns of the parties hereto.

It is hereby understood that party securing this grant in behalf of Grantee is without authority to make any covenant or agreement not herein expressed.

Witness the execution hereof on this the __11th__ day of ____February____, A.D. 19_30_.

Signed and delivered in
the presence of the undersigned witnesses:

_Mrs. Alta Hagood_
_F.C. Hagood_

_S. N. Harris_
Right of Way Agent.

THE STATE OF TEXAS

COUNTY OF _____ DELTA

Before me, _____ Louis M. Taylor _____, a Notary Public in and for said County and State, on this day personally appeared _____ F. C. Hagood _____, known to me to be the person _____ whose name _____ is subscribed to the foregoing instrument and acknowledged to me that _____ he _____ executed the same for the purposes and consideration therein expressed.

Given under my hand and seal of office on this the 11th day of _____ February _____ A.D. 19 30

(SEAL)

Notary Public in and for

_____ Delta _____ County, Texas.

THE STATE OF TEXAS

COUNTY OF _____ DELTA

Before me, Louis M. Taylor _____, a Notary Public in and for said County and State, on this day personally appeared Mrs Alta Hagood _____, wife of _____ F. C. Hagood _____, known to me to be the person whose name is subscribed to the foregoing instrument, and having been examined by me privily and apart from her husband and having the same fully explained to her, she, the said _____ Mrs Alta Hagood _____, acknowledged such instrument to be her act and deed and declared that she had willingly signed the same for the purposes and consideration therein expressed, and that she did not wish to retract it.

Given under my hand and seal of office on this the 11th day of _____ February _____ A.D. 19 30

(SEAL)

Notary Public in and for

_____ Delta _____ County, Texas

---

Alta Hagood et vir.

P. O. Address, _____ Cooper, Texas.

to

LONE STAR GAS COMPANY

1915 Wood Street,

Dallas, Texas.

Filed for Record this 17 day

of _____ 192__ __ __ M.

_____ County Clerk

_____ Deputy

Approved:

Eng.___

Approved:

Indexed:

---

THE STATE OF TEXAS

COUNTY OF DELTA:

File duly and ...

_____ 19__ __ 3 P. M. _____

Fees 177-5.

Witness my ...

_____ 18 day march 192__

_____ Deputy

Bertha Edwards

Form 271 5M-4-28

016|81

THE STATE OF TEXAS

COUNTY OF ___DELTA___   } KNOW ALL MEN BY THESE PRESENTS:

That for and in consideration of ___Thirty-two and 50/100___

($ _32.50_ ) Dollars to the undersigned, _J.C. Berry and Wife, Annie E. Berry,_

_____

_____

(herein styled Grantor, whether one or more) paid, the receipt of which is hereby acknowledged, the said Grantor does hereby GRANT, SELL and CONVEY unto LONE STAR GAS COMPANY, a corporation, (herein styled Grantee), its successors and assigns, the right of way and easement to construct, maintain and operate pipe lines and appurtenances thereto, ~~and to construct, maintain, operate and remove such telegraph and telephone lines as may be necessary or convenient for its business,~~ over and through the following described

lands situate in ___Delta___ County, State of Texas, to-wit:

_75 acres, more or less, out of the A.Askew Survey, more fully described in deed from J.B. Sodus and Wife to J.C. Berry, recorded in Vol. 33, Page 528, Deed Records said County;_

_10 acres, more or less, out of the A.Askew Survey_ _____

more fully described in deed from ___L.B. Berry and Wife_____ to

_J.C. Berry_____ recorded in Volume _65_____, Page _33-4_, Deed Records of said

County, to which reference is here made for further description.

TO HAVE AND TO HOLD unto said Grantee, its successors and assigns, so long as such lines and appurtenances thereto shall be maintained, with ingress to and egress from the premises, for the purpose of constructing, inspecting, repairing, maintaining, and replacing the property of Grantee above described, and the removal of such at will, in whole or in part.

The said Grantor is to fully use and enjoy the said premises, except for the purposes hereinbefore granted to the said Grantee, which hereby agrees to bury all pipes to a sufficient depth so as not to interfere with cultivation of soil, and to pay any damages which may arise to growing crops or fences from the construction, maintenance and operation of said pipe, ~~telegraph and telephone~~ lines; said damages, if not mutually agreed upon, to be ascertained and determined by three disinterested persons, one thereof to be appointed by the said Grantor, one by the said Grantee, and the third by the two so appointed as aforesaid, and the written award of such three persons shall be final and conclusive. Should more than one pipe line be laid under this grant at any time, the sum of twenty-five cents per lineal rod for each additional line shall be paid, besides the damages above provided for.

~~Upon failure of Grantee to construct its lines within four months from the date of this instrument, or in event that said lines are constructed and thereafter abandoned or removed, or in event the lines are not maintained, then and in that event all rights hereby granted shall cease and terminate and this instrument shall become null and void, and the easement herein granted shall revert to the Grantor, his heirs and assigns without any action on the part of the Grantor to re-enter or repossess said premises.~~

_____

_____

The consideration first above recited as being paid to Grantor by Grantee is in full satisfaction of every right hereby granted. All covenants and agreements herein contained shall extend to and be binding upon the respective heirs, legal representatives, successors and assigns of the parties hereto.

It is hereby understood that party securing this grant in behalf of Grantee is without authority to make any covenant or agreement not herein expressed.

Witness the execution hereof on this the ___24th___ day of ___February___ A.D. 19_30_

Signed and delivered in
the presence of the un-
dersigned witnesses:

_J C Berry_

_Annie E Berry_

_S W Harris_
Right of Way Agent.

THE STATE OF TEXAS
COUNTY OF Delta

Before me, J.T.Taylor, a Notary Public in and for said County and State, on this day personally appeared J.C.Berry, known to me to be the person whose name is subscribed to the foregoing instrument and acknowledged to me that he executed the same for the purposes and consideration therein expressed.

Given under my hand and seal of office on this the 24 day of February, A.D. 19 50.

(SEAL)

[signature]
Notary Public in and for
Delta County, Texas.

THE STATE OF TEXAS
COUNTY OF Delta

Before me, J.T.Taylor, a Notary Public in and for said County and State, on this day personally appeared Annie E.Berry, wife of J.C.Berry, known to me to be the person whose name is subscribed to the foregoing instrument, and having been examined by me privily and apart from her husband and having the same fully explained to her, she, the said Annie E.Berry, acknowledged such instrument to be her act and deed and declared that she had willingly signed the same for the purposes and consideration therein expressed, and that she did not wish to retract it.

Given under my hand and seal of office on this the 24 day of February, A.D. 19 50.

(SEAL)

[signature]
Notary Public in and for
Delta County, Texas

Line 0-15
No. 25
Delta County, Texas
J.C.Berry and Wife,
P. O. Address Enloe, Texas
to
LONE STAR GAS COMPANY
1915 Wood Street,
Dallas, Texas.
Filed for Record this the 15 day of March 1950 at [illegible] M.
[signature] County Clerk
By [illegible] Deputy
Approved: [illegible] Engineer
Approved: [signature] Attorney
Indexed

THE STATE OF TEXAS,
COUNTY OF DELTA: I hereby certify that the above and foregoing instrument was duly and correctly recorded in my office on the 15 day of March 1950 at [illegible] in Vol. [illegible] page [illegible] Records of Delta County, Texas.
Witness my hand and seal of office this 15 day of March 1950.
[signature] Co. Court Clerk, Delta County, Texas.

Form 275  5M—6-23

016182

THE STATE OF TEXAS }
COUNTY OF    DELTA    } KNOW ALL MEN BY THESE PRESENTS:

That for and in consideration of ____ Twelve and 50/100

($ 12.50 ____ ) Dollars to the undersigned, ___ L. W. Gregg and Wife, Jimmie M. Gregg,

(herein styled Grantor, whether one or more) paid, the receipt of which is hereby acknowledged, the said Grantor does hereby GRANT, SELL and CONVEY unto LONE STAR GAS COMPANY, a corporation, (herein styled Grantee), its successors and assigns, the right of way and easement to construct, maintain and operate pipe lines and appurtenances thereto, ~~together with a telephone line if Grantee so desires, together with the right to construct~~ over and through the following described lands situate in ____ Delta ____ County, State of Texas, to-wit:

54 acres, more or less, out of the A. Askew Survey,

more fully described in deed from ____ C. L. Stocks and Wife, ____ to
____ J. B. Redus ____ recorded in Volume ____ 4 ____, Page 272 ____, Deed Records of said

County, to which reference is here made for further description.

TO HAVE AND TO HOLD unto said Grantee, its successors and assigns, so long as such lines and appurtenances thereto shall be maintained, with ingress to and egress from the premises, for the purpose of constructing, inspecting, repairing, maintaining, and replacing the property of Grantee above described, and the removal of such at will, in whole or in part.

The said Grantor is to fully use and enjoy the said premises, except for the purposes hereinbefore granted to the said Grantee, which hereby agrees to bury all pipes to a sufficient depth so as not to interfere with cultivation of soil, and to pay any damages which may arise to growing crops or fences from the construction, maintenance and operation of said pipe, ~~telephone and electric~~ lines; said damages, if not mutually agreed upon, to be ascertained and determined by three disinterested persons, one thereof to be appointed by the said Grantor, one by the said Grantee, and the third by the two so appointed as aforesaid, and the written award of such three persons shall be final and conclusive. Should more than one pipe line be laid under this grant at any time, the sum of twenty-five cents per lineal rod for each additional line shall be paid, besides the damages above provided for.

Upon written application to the Grantee at Dallas, Texas, the Grantee will make or cause to be made a tap on any gas pipe line constructed by Grantee on Grantor's premises for the purpose of supplying gas to the Grantor for domestic use only, the cost of meter, saddle and labor to be borne by said Grantee, all other expenses, including fittings, to be borne by Grantor, gas to be measured and furnished at the main line of Grantee at the same price and under the same rules and regulations as prevail in the nearest city or town where Grantee is supplying gas.

~~XXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXX~~

~~XXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXX~~

The consideration first above recited as being paid to Grantor by Grantee is in full satisfaction of every right hereby granted. All covenants and agreements herein contained shall extend to and be binding upon the respective heirs, legal representatives, successors and assigns of the parties hereto.

It is hereby understood that party securing this grant in behalf of Grantee is without authority to make any covenant or agreement not herein expressed.

Witness the execution hereof on this the ___ 26th ___ day of ___ February ____, A.D. 1939

Signed and delivered in
the presence of the un-
dersigned witnesses:

*J. W. Gregg*

*Jimmie M. Gregg*

*S. W. Harris*
Right of Way Agent.

THE STATE OF TEXAS
COUNTY OF Delta

Before me, J.T.Taylor, a Notary Public in and for said County and State, on this day personally appeared J.W.Gregg, known to me to be the person whose name is subscribed to the foregoing instrument and acknowledged to me that he executed the same for the purposes and consideration therein expressed.

Given under my hand and seal of office on this the 26 day of February, A.D. 1950

(SEAL)

J.T.Taylor
Notary Public in and for
Delta County, Texas.

THE STATE OF TEXAS
COUNTY OF Delta

Before me, J.T.Taylor, a Notary Public in and for said County and State, on this day personally appeared Jimmie M.Gregg, wife of J.W.Gregg, known to me to be the person whose name is subscribed to the foregoing instrument, and having been examined by me privily and apart from her husband and having the same fully explained to her, she, the said Jimmie M.Gregg, acknowledged such instrument to be her act and deed and declared that she had willingly signed the same for the purposes and consideration therein expressed, and that she did not wish to retract it.

Given under my hand and seal of office on this the 26 day of February, A.D. 19 50

(SEAL)

J.T.Taylor
Notary Public in and for
Delta County, Texas

Line 0-16-
No. 47
Delta County, Texas

J.W.Gregg and wife
P. O. Address Enloe, Texas

to

LONE STAR GAS COMPANY
1915 Wood Street,
Dallas, Texas.

Filed for Record this the 18 day of March 1950
Bertha Edwards

Approved: Engineer

Approved: Attorney

Indexed

THE STATE OF TEXAS,
COUNTY OF DELTA: I hereby certify that the above and foregoing instrument was duly and correctly recorded in my office on the 17 day of March 1950 at 11:40 A.M. in Vol. 160 Page 122-4 of the Records of Delta County, Texas.
Witness my hand and seal of office this 18 day of March 1950
Bertha Edwards Co. Clerk, Delta County, Texas

VOL 2 4 0 PAGE 648   # 11 76

## CASH WARRANTY DEED

Date: October 18, 2000

Grantor:   HERB PUTZ

Grantor's Mailing Address (including county):

HERB PUTZ
c/o Mt. Fern Farm
Rt. 1, Box 288
Orange, VA 22960
Orange County

Grantee:   SIGNE E. PUTZ

Grantee's Mailing Address (including county):

SIGNE E. PUTZ
c/o Mt. Fern Farm
Rt. 1, Box 288
Orange, VA 22960
Orange County

Consideration:   TEN AND NO/100 DOLLARS and other good and valuable consideration.

Property (including any improvements):

See Exhibit "A" attached hereto and made a part hereof just as if copied herein verbatim.

Reservations From and Exceptions to Conveyance and Warranty:

Easements, rights-of-way, and prescriptive rights, whether of record or not; all presently recorded instruments, other than liens and conveyances, that affect the property; taxes for the current year, the payment of which Grantee assumes.

Grantor, for the consideration, receipt of which is acknowledged, and subject to the reservations from and exceptions to conveyance and warranty, grants, sells and conveys to Grantee the property, together with all and singular the rights and appurtenances thereto in any

VOL 240 PAGE 650        #1176

EXHIBIT A

**TRACT ONE**

Being situated in A. Ashey Survey, Abstract No. 2, Delta County, Texas and being the same land conveyed to Charlie Hagood by Frank Hagood by deed recorded in Volume 177, Page 479, Deed Records, Delta County, Texas and being particularly described as follows:

BEGINNING at the northeast corner of said tract an iron rod for corner and being S 15°54'28" E 3414.5 feet from the southeast corner of the G.J. Grider survey Abstract No. 143;

THENCE East along the north line of said tract being the south line of the Cragg 16 acre tract, a distance of 2477.2 feet to an iron rod for corner;

THENCE S 0°13'12" W along the east line of said tract, a distance of 1430.63 feet to an iron rod for corner;

THENCE N 89° 39'07" W, a distance of 2472.84 feet to an iron rod for corner;

THENCE N 0° 02'13" E along the west line of said tract being the centre line of a county road, a distance of 1435.6 feet to the point of beginning and containing 80.8619 acres of land.

**TRACT TWO**

Being situated in the B. Phillips Survey, Abstract No. 269, Delta County, Texas and being the same land conveyed to Charlie Hagood by Frank Hagood by deed recorded in Volume 92, Page 194, Deed Records, Delta County, Texas and being more particularly described as follows:

BEGINNING at the northwest corner of said tract being on the east line of said Phillips survey and being South 1858.8 feet and along said east line from the northeast corner of said survey;

THENCE N 89°47'44" W along the north line of said tract and along an old county road, a distance of 1636.73 feet to the northeast corner of said tract;

THENCE South passing an iron rod at a distance of 15.7 feet and continuing in all a distance of 1297.0 feet to an iron rod for corner;

THENCE S 89°47'45" along an old hedge row, a distance of 1636.73 feet to an iron rod for corner;

THENCE North along the east line of said tract being the centreline of an old county road, passing an iron rod at a distance of 1261.54 feet and continuing in all, a distance of 1297.0 feet to the point of beginning and containing 48.7314 acres of land.

**TRACT THREE**

Being situated in the J.H. Anderson Survey, Abstract No. 3, Delta County, Texas and being the same land conveyed to Charlie Hagood by Frank Hagood by deed recorded in Volume 63, Page 310, Deed Records Delta County, Texas and being Block 2 of the subdivision of the J.H. Allan land recorded in Book 39, page 138, Deed Records of said county and being more particularly described as follows:

BEGINNING at a point in the north line of said Anderson survey that is west 1212.55 feet and along said north line from the northeast corner of said survey;

THENCE West along said north line and along the center line of a county road a distance of 1232.55 feet to a point for corner;

THENCE S 0°02' 31" E passing an iron rod at a distance of 25.0 feet and continuing along the east line of a dirt road, a distance of 1505.79 feet to an iron rod for corner;

THENCE East a distance o 1232.55 feet to an iron rod for corner;

THENCE N 0°02'31" W passing an iron rod at a distance of 1484.79 feet and continuing in all, a distance of 1505.79 feet to the point of beginning and containing 42.607 acres of land.

Filed for record the 14th day of Dec 00 at 3:00 M
Recorded the _____ day of Jan 01 at 3:00 M
CAROLYN YEAGER ANGLIN, COUNTY CLERK, DELTA COUNTY, TX BY _____ DEPUTY

# 1176

VOL 240 PAGE 649

wise belonging, to have and hold it to Grantee, Grantee's heirs, executor, administrators, successors or assigns forever. Grantor binds Grantor and Grantor's heirs, executors, administrators and successors to warrant and forever defend all and singular the property to Grantee and Grantee's heirs, executors, administrators, successors and assigns against every person whomsoever lawfully claiming or to claim the same or any part thereof, except as to the reservations from and exceptions to conveyance and warranty.

When the context requires, singular nouns and pronouns include the plural.

HERB PUTZ

## ACKNOWLEDGMENT

STATE OF VIRGINIA      §
                       §
COUNTY OF ORANGE       §

This instrument was acknowledged before me on _November 2_, 2000, by HERB PUTZ.

Deputy Clerk, Circuit Court, Orange County, Virginia

PREPARED IN THE OFFICE OF:

EDGAR J. GARRETT, JR.
Attorney at Law
P.O. Box 465
Cooper, Texas 75432

AFTER RECORDING RETURN TO:

EDGAR J. GARRETT, JR.
Attorney at Law
P.O. Box 465
Cooper, Texas 75432

VOL      PAGE
286      142

NOTICE OF CONFIDENTIALITY RIGHTS: IF YOU ARE A NATURAL PERSON, YOU MAY REMOVE OR STRIKE ANY OF THE FOLLOWING INFORMATION FROM YOUR INSTRUMENT BEFORE IT IS FILED FOR RECORD IN THE PUBLIC RECORDS: YOUR SOCIAL SECURITY NUMBER OR DRIVER'S LICENSE NUMBER.

## WARRANTY DEED WITH VENDOR'S LIEN

# 1270

**Date:** NOVEMBER 15, 2006

**Grantor:**   GERRY GERNAAT and wife, KATHY GERNAAT AND KERRY GERNAAT and wife, LAVONNE GERNAAT

**Grantor's Mailing Address (including county):**

GERRY GERNAAT
KATHY GERNAAT
4350 Seven Mile RD
Mcbain, MI. 49651
_____ COUNTY

KERRY GERNAAT
LAVONNE GERNAAT
1131 FM 198
LAKE CREEK, TEXAS 75450
DELTA COUNTY

FILED FOR RECORD
DELTA COUNTY, TEXAS
2006 NOV 30   AM 9:43

JANIE JONES
COUNTY/DISTRICT CLERK
BY _____ DEPUTY

**Grantee:**   HERBERT R. PUTZ and spouse, SIGNE E. PUTZ

**Grantee's Mailing Address (including county):**

HERBERT R. PUTZ and spouse, SIGNE E. PUTZ
1825 LOCUST GROVE CHURCH ROAD
ORANGE, VA 22960
_____ COUNTY

**Consideration:**   TEN AND NO/100 DOLLARS and other good and valuable consideration and the further consideration of a note is in the principal amount of SIXTY SEVEN THOUSAND SEVEN HUNDRED AND NO/100 DOLLARS ($67,700.00) and is executed by Grantee, payable to the order of LONE STAR LAND BANK, FLCA. The note is secured by a vendor's lien retained in favor of LONE STAR LAND BANK, FLCA in this deed and by a deed of trust from Grantee to DARON GATES, Trustee.
        LONE STAR LAND BANK, FLCA, at Grantee's request, having paid in cash to

C:\Documents and Settings\Cooper_Omar\My Documents\SHANNON'S DOCS\LEGAL DOCS\WARRANTY DEED VL FOR LSLB.wpd

D.O.6673

VOL     PAGE

**286     143**

Grantor that portion of the purchase price of the property that is evidenced by the note described, the vendor's lien and superior title to the property are retained for the benefit of LONE STAR LAND BANK, FLCA, and are transferred to LONE STAR LAND BANK, FLCA without recourse on Grantor.

**Property (including any Improvements):**
      See Exhibit "A" attached hereto and made a part hereof just as if copied herein verbatim.

**Reservations From and Exceptions to Conveyance and Warranty:**
      Easements, rights-of-way, and prescriptive rights, whether of record or not; all presently recorded instruments, other than liens and conveyances, that affect the property; taxes for the current year, the payment of which Grantee assumes.
      Grantor, for the consideration, receipt of which is acknowledged, and subject to the reservations from and exceptions to conveyance and warranty, grants, sells and conveys to Grantee the property, together with all and singular the rights and appurtenances thereto in any wise belonging, to have and hold it to Grantee, Grantee's heirs, executor, administrators, successors or assigns forever. Grantor binds Grantor and Grantor's heirs, executors, administrators and successors to warrant and forever defend all and singular the property to Grantee and Grantee's heirs, executors, administrators, successors and assigns against every person whomsoever lawfully claiming or to claim the same or any part thereof, except as to the reservations from and exceptions to conveyance and warranty.
      The vendor's lien against and superior title to the property are retained until each note described is fully paid according to its terms, at which time this deed shall become absolute.
      When the context requires, singular nouns and pronouns include the plural.


_____
JERRY GERNAAT

_____
KATHY GERNAAT

_____
KERRY GERNAAT

_____
LAVONNE GERNAAT


C:\Documents and Settings\Compaq_Owner\My Documents\SHANNON'S DOCS\LEGAL DOCS\WARRANTY DEED VL FOR LSLB.wpd

#1810

VOL        PAGE

286        144

## ACKNOWLEDGMENT

STATE OF TEXAS       §
                             §

COUNTY OF Dulla      §

This instrument was acknowledged before me on November 28 2006, by GERRY GERNAAT.

SHANNON GAYLE RAY
NOTARY PUBLIC
STATE OF TEXAS
My Commission Expires 12/02/2009

Notary Public, State of Texas

## ACKNOWLEDGMENT

MICHIGAN

STATE OF ~~TEXAS~~       §
                              §

COUNTY OF MISSAUKEE      §

This instrument was acknowledged before me on Nov-17, 2006 2006, by KATHY GERNAAT.



Notary Public, State of ~~Texas~~ HICHIGAN

KARLA D. MOSES
NOTARY PUBLIC SERVICE CO., LES
MY COMMISSION EXPIRES Sep 1, 2008

## ACKNOWLEDGMENT

STATE OF TEXAS       §
                              §

COUNTY OF DELTA      §

This instrument was acknowledged before me on November 28 2006, by KERRY GERNAAT and wife, LAVONNE GERNAAT.

SHANNON GAYLE RAY
NOTARY PUBLIC
STATE OF TEXAS
My Commission Expires 12/02/2009

Notary Public, State of Texas

C:\Documents and Settings\Compaq_Owner\My Documents\SHANNON'S DOCS\LEGAL DOCS\WARRANTY DEED VL FOR LSL3.wpd

VOL 286   PAGE 145

## DESCRIPTION

All that certain lot, tract or parcel of land situated in the A. Askey Survey, Abstract No. 2, Delta County, Texas, and being part of that tract of land described in a Contract of Sale and Purchase between the Veterans Land Board of Texas and Bryan Thomas Preas as recorded in Volume 145, Page 644 of the Deed Records of Delta County, Texas (hereinafter called Preas Tract One), and being part of that tract of land described in a Deed from Bryan T. Preas, et ux, to G.T. Preas, et ux, as recorded in Volume 156, Page 145 of the Deed Records of Delta County, Texas (hereinafter called Preas Tract Two), and being more particularly described as follows:

BEGINNING at a 5/8" iron pipe found for corner in the East line of that tract of land described in a Deed from Trosper Properties, Ltd., to the Lincoln Trust Company as recorded in Volume 265, Page 129 of the Deed Records of Delta County, Texas, at the Northwest corner of the above cited Preas Tract One; said point also being the Southwest corner of that tract of land described as Tract One in a Deed from Sue Eda Cregg to Charlie L. Cregg as recorded in Volume 242, Page 22 of the Deed Records of Delta County, Texas;

THENCE S. 89 deg. 47 min. 14 sec. E. with the North line of said Preas Tract One and the South line of said Cregg tract a distance of 1813.99 feet to a 1/2" iron rod with plastic cap stamped "STOVALL & ASSOC." set (hereinafter called 1/2" iron rod set) for corner approximately 14 feet North of a fence line:

THENCE S. 00 deg. 24 min. 48 sec. E. a distance of 1002.38 feet to a 1/2" iron rod set for corner in a field;

THENCE N. 87 deg. 33 min. 47 sec. E. passing a 1/2" iron rod set for witness at a distance of 428.75 feet and continuing for a total distance of 440.75 feet to a 1/2" iron rod set for corner near the centerline of County Road No. 4225;

THENCE S. 00 deg. 24 min. 48 sec. E. along the center of County Road No 4225, passing an interior corner of said Preas Tract Two at a distance of 274.79 feet and continuing for a total distance of 492.24 feet to a point for corner at a Southeast corner of said Preas Tract Two;

THENCE N. 89 deg. 25 min. 11 sec. W. with a South line of said Preas Tract Two, passing a 5/8" iron pipe found at a distance of 22.53 feet; and continuing with a South line of said Preas Tract Two and the most Easterly North line of that tract of land described in a Deed from Her Lavay Gillean, et al, to the Veterans Land Board of the State of Texas as recorded in Volume 179, Page 656 of the Deed Records of Delta County, Texas, for a total distance of 1331.73 feet to a 1/2" iron rod set for corner at an interior corner of said Preas Tract Two, said point also being the most Northerly Northwest corner of said Veterans Land Board tract;

THENCE S. 00 deg. 04 min. 11 sec. E. with the most Southerly East line of said Preas Tract Two and the most Northerly West line of said Veterans Land Board tract a distance of 474.11 feet to a 100-d nail found for corner at the most Southerly Southeast corner of said Preas Tract Two, said point also being an interior corner of said Veterans Land Board tract;

THENCE S. 89 deg. 57 min. 46 sec. W. with the most Westerly South line of said Preas Tract Two and the most Westerly North line of said Veterans Land Board tract a distance of 918.23 feet to an axle found for corner at the Southwest corner of said Preas Tract Two, said point also being the most Westerly Northwest corner of said Veterans Land Board tract, said point also being in the East line of that tract of land described as Tract One in a Deed from Herb Putz to Sign E. Putz as recorded in Volume 240, Page 648 of the Deed Records of Delta County, Texas

THENCE N. 00 deg. 14 min. 51 sec. W. with the West line of said Preas Tract Two and the East line of said Putz tract a distance of 1005.89 feet to an axle found for corner at the Northeast corner of said Putz tract, said point also being the Southeast corner of said Lincoln Trust Company;

THENCE N. 00 deg. 42 min. 00 sec. W. (Directional Control Line) with the West line of said Preas Tract Two, the West line of said Preas Tract One and the East line of said Lincoln Trust Company tract a distance of 936.99 feet to the POINT OF BEGINNING and containing 75.899 acres of land

STATE OF TEXAS          COUNTY OF DELTA
I hereby certify that this instrument was filed on the date and time stamped hereon by me and was duly recorded in the volume and page of the named records of Delta County, Texas as stamped hereon by me.

NOV 3 0 2006

JANE JONES
COUNTY CLERK, Delta County, Texas

VOL     PAGE
277     063

NOTICE OF CONFIDENTIALITY RIGHTS:   IF YOU ARE A NATURAL PERSON, YOU MAY REMOVE OR
STRIKE ANY OF THE FOLLOWING INFORMATION FROM YOU INSTRUMENT BEFORE IT IS FILED
FOR RECORD IN THE PUBLIC RECORDS:    YOUR SOCIAL SECURITY NUMBER OR DRIVER'S
LICENSE NUMBER.

## WARRANTY DEED WITH VENDOR'S LIEN

# 1361

**Date:**   SEPTEMBER 21, 2005

**Grantor:**   FRED M. CARRINGTON, ANDY B. CARRINGTON and JOEL E.
CARRINGTON

**Grantor's Mailing Address (including county):**

FILED FOR RECORD
at_____M

SEP 2 7 2005

Jane Jones, County Clerk
DELTA COUNTY, TEXAS

FRED CARRINGTON
6432 E. CALLE ROSA
SCOTTSDALE, AZ 85251
MARICOPA COUNTY

ANDY B. CARRINGTON
85 BAVARIAN DRIVE
MIDDLETOWN, OHIO
BUTLER COUNTY

JOEL E. CARRINGTON
4209 EDGEVIEW COURT
GRAND PRAIRIE, TEXAS 75052
DALLAS COUNTY

**Grantee:**    HERBERT R. PUTZ

**Grantee's Mailing Address (including county):**

HERBERT R PUTZ
1825 LOCUST GROVE CHURCH ROAD
ORANGE, VA 22960
ORANGE COUNTY

**Consideration:**   TEN AND NO/100 DOLLARS and other good and valuable
consideration and the further consideration of a note of even date that is in the principal
amount of $53,820.00 and is executed by Grantee, payable to the order of the FRED M.
CARRINGTON, ANDY B. CARRINGTON and JOEL CARRINGTON. The note is secured
by a vendor's lien retained in favor of the FRED M. CARRINGTON, ANDY B.
CARRINGTON and JOEL CARRINGTON in this deed and by a deed of trust of even date,

VOL    PAGE
277    064

from Grantee to EDGAR J. GARRETT, JR., Trustee.

FRED M. CARRINGTON, ANDY B. CARRINGTON and JOEL CARRINGTON, at Grantee's request, having paid in cash to Grantor that portion of the purchase price of the property that is evidenced by the note described, the vendor's lien and superior title to the property are retained for the benefit of FRED M. CARRINGTON, ANDY B. CARRINGTON and JOEL CARRINGTON and are transferred to FRED M. CARRINGTON, ANDY B. CARRINGTON and JOEL CARRINGTON without recourse on Grantor.

**Property (including any improvements):**
See Exhibit "A" attached hereto and made a part hereof just as if copied herein verbatim.

**Reservations From and Exceptions to Conveyance and Warranty:**
Easements, rights-of-way, and prescriptive rights, whether of record or not; all presently recorded instruments, other than liens and conveyances, that affect the property; taxes for the current year, the payment of which Grantee assumes.

Grantor, for the consideration, receipt of which is acknowledged, and subject to the reservations from and exceptions to conveyance and warranty, grants, sells and conveys to Grantee the property, together with all and singular the rights and appurtenances thereto in any wise belonging, to have and hold it to Grantee, Grantee's heirs, executor, administrators, successors or assigns forever. Grantor binds Grantor and Grantor's heirs, executors, administrators and successors to warrant and forever defend all and singular the property to Grantee and Grantee's heirs, executors, administrators, successors and assigns against every person whomsoever lawfully claiming or to claim the same or any part thereof, except as to the reservations from and exceptions to conveyance and warranty.

The vendor's lien against and superior title to the property are retained until each note described is fully paid according to its terms, at which time this deed shall become absolute.

When the context requires, singular nouns and pronouns include the plural.

ANDY B. CARRINGTON

**ACKNOWLEDGMENT**

STATE OF _Ohio_                            §
                                          §
COUNTY OF _Butler_                         §

This instrument was acknowledged before me on _September 22_ 2005, by ANDY B.. CARRINGTON.

Notary Public, State of ~~Texas~~
                         _Ohio_

John Wetzig
Notary Public, State of Ohio
My Commission Expires 4-27-2008

H-15(01

| VOL | PAGE |
|-----|------|
| 277 | 065 |

Foster Land Surveying    17325 FM 197   Arthur City, TX 75411
(903) 739-9166   fx (903) 783-9159

### Field notes

Situated about 3.39 miles North 14° East from the City of Cooper, in the County of Delta, State of Texas, part of the A. Askey Survey #2 and being all of a called 34 1/6 acre tract of land conveyed to Murray Carrington et ux by deed recorded in Vol. 142, Page 576 of the Deed Records of said County and State and being all of a called 34.6 acre tract of land conveyed to Murray Carrington and wife, Martha Eugenia Carrington by deed recorded in Vol. 152, Page 522 of said Deed Records.

Beginning at a 3/8" iron pin found at the Northeast corner of a called 115.46 acre tract of land conveyed to W.S. Slough by deed recorded in Vol. 90, Page 558 of said Deed Records and being in the West boundary line of a called 27 acre 2nd tract conveyed to Joe Turner and wife, Hibernia Turner recorded in Vol. 157, Page 152 of said Deed Records, said point being the Southeast corner of the 34.6 acre Carrington tract.

Thence North 0°14'30" East passing the Southwest corner of a 26.97 acre tract of land conveyed to Jerry P. Simpson by deed recorded in Vol. 183, Page 561 of said Deed Records and continuing on for a total distance of 1197.94' to a 3/8" capped iron pin (HF 5699) set at the Northeast corner of the 34 1/6th acre Carrington tract and being the Southeast corner of a called 30 acre (calculates to be 40 acres by deed description) 2nd tract conveyed to Glenna Faye Cavanaugh by deed recorded in Vol. 227, Page 835 of the Official Records of said County and State;

Thence South 89°44'07" West a distance of 2477.79' to the Southwest corner of said Cavanaugh tract and the Northwest corner of the 34 1/6th acre Carrington tract and being in the centerline of County Road #4310;

Thence South 0°14'37" West along said County Road and passing the intersection of County Road #4420 at a distance of 581.00' and continuing on for a total distance of 1186.49' to a 3/8" capped iron pin (HF 5699) set at the Northwest corner of said 115.46 acres;

Thence East (reference bearing) a distance of 2477.75' to the point of beginning and containing 67.81 acres of land of which 0.54 acres lie in a county road leaving a net of 67.27 acres of land.

---

I, Hayden Foster, Registered Professional Land Surveyor, No. 5699 do hereby certify that this description represents an on the ground survey made under my direct supervision. There doesn't appear to be any encroachments other than those shown thereon. Reference Bearing = South boundary line of the 34.6 acre Carrington tract ( East ).

Hayden Foster   _Hayd foat_   date 9-21-05

Page 1 of 1



VOL    PAGE

289    049

NOTICE OF CONFIDENTIALITY RIGHTS: IF YOU ARE A NATURAL PERSON, YOU MAY
REMOVE OR STRIKE ANY OR ALL OF THE FOLLOWING INFORMATION FROM THIS
INSTRUMENT BEFORE IT IS FILED FOR RECORD IN THE PUBLIC RECORDS: YOUR
SOCIAL SECURITY NUMBER OR YOUR DRIVER'S LICENSE NUMBER.

Drafted Without Title Examination

## WARRANTY DEED WITH VENDOR'S LIEN
#0400

**Date:**    March 19, 2007

**Grantor:**    Fiserv ISS and Co., Trustee FBO Robert Quinn

**Grantor's Mailing Address:**

     1705 Meadowview Road
     Commerce, Texas 75428
     Hunt County, Texas

**Grantee:**    Terrence Fowler and wife, Susannah Fowler

**Grantee's Mailing Address:**

     P.O. Box 360173
     Dallas, Texas 75336
     Dallas County, Texas

**Consideration:** Ten Dollars and other valuable consideration paid by Grantee to Grantor, the
receipt of which is hereby acknowledged, and the further consideration of a note of even date
that is in the principal amount of Thirty-four Thousand and 00/100 ($34,000.00) Dollars, and
is executed by Grantee, payable to the order of Grantor. It is secured by a vendor's lien
retained in this deed and by a deed of trust of even date from Grantee to Larry W. Green, Jr.,
Trustee.

**Property ("Property"):**

Being a tract or parcel of land situated in Delta County, Texas, being part of the A. Askey
Survey, Abstract No. 2, being part of a 139.19 acre tract of land as described in a Warranty
Deed from Trosper Properties, Ltd., to Lincoln Trust Company, Trustee FBO Robert Quinn,
as recorded in Volume 265 at Page 136 of the Deed Records of Delta County and being
further described as follows:
COMMENCING from a 1/2 inch iron rod set for a corner at the southwest corner of said
139.19 acre tract on the east line of Farm to Market No. 128;
THENCE N. 00 deg. 13' 16" W. along the east line of Farm to Market No. 128 and the west
line of said 139.19 acre tract, a distance of 132.40 feet to a concrete monument found;
THENCE N. 11 deg. 05' 20" E. along the east line of Farm to Market No. 128 and the west
line of said 139.19 acre tract, a distance of 101.98 feet to a 1/2 inch iron rod set;
THENCE N. 00 deg. 13'16" E. along the east line of Farm to Market No. 128 and the west
line of said 139.19 acre tract, a distance of 100.00 feet to a 1/2 inch iron rod set for a corner
at the beginning of a curve to the right having a central angle of 08 deg. 41' 38", a radius of
379.26 feet, and a chord bearing N. 04 deg. 07' 33" E. at a distance of 57.49 feet;

VOL
289

PAGE
050

THENCE in the northeasterly direction, along the east line of Farm to Market No. 128, the west line of said 139.19 acre tract, and said curve to the right at an arc length of 57.55 feet to the Point of Beginning for the hereon described tract of land;

BEGINNING at a 1/2 inch iron rod set for a corner on the east line of Farm to Market No. 128, said Point of Beginning being on the west line of said 139.19 acre tract, said Point of Beginning also being in a curve to the right having a central angle of 10 deg. 28' 51", a radius of 379.26 feet, and a chord bearing N. 13 deg. 42' 47" E. at a distance of 69.28 feet;

THENCE in the Northeasterly direction, along the east line of Farm to Market No. 128, the west line of said 139.19 acre tract, and said curve to the right at an arc length of 69.37 feet to a 1/2 inch iron rod set for a corner;

THENCE N. 07 deg. 38' 37" E. along the east line of Farm to Market No. 128 and the west line of said 139.19 acre tract, a distance of 101.98 feet to a 1/2 inch iron rod set for a corner;

THENCE N. 18 deg. 57' 12" E. along the east line of Farm to Market No. 128 and the west line of said 139.19 acre tract, a distance of 255.15 feet to a 1/2 inch iron rod set for a corner;

THENCE S. 89 deg. 58' 05" E. a distance of 2094.38 feet to a 1/2 inch iron rod set for a corner;

THENCE S. 00 deg. 01' 55" W. a distance of 397.88 feet to a 1/2 inch iron rod set for a corner;

THENCE S. 89 deg. 43' 25" W. a distance of 2207.04 feet returning to the Point of Beginning and containing 20.000 acres of land.

Reservations from and Exceptions to Conveyance and Warranty:

1.  All visible and apparent easements or uses and all underground easements or uses, the existence of which may arise by unrecorded grant or by use.

2.  All recorded and unrecorded exceptions, easements and reservations affecting the Property.

3.  The Property shall not be used to conduct any type of junk or salvage yard, either for profit or not; nor shall it ever take on the appearance of a junk or salvage yard.

4.  No more than one (1) mobile home shall be permitted on the Property which cannot be a single-wide mobile home and must be two (2) years old or newer when placed on the Property.

5.  Invalidation of the restriction set forth herein by judgment, court order, or otherwise, shall in no manner affect any other restrictions, if any, which other restrictions shall remain in full force and effect.

6.  The restrictions shall run with the land and shall be binding upon all parties claiming under them.

7.  Grantee assumes all ad valorem taxes from and after January 1, 2007.

Grantor, for the consideration and subject to the reservations from, and exceptions to conveyance and warranty, grants, sells, and conveys to Grantee the Property, together with all and singular the rights and appurtenances thereto in any wise belonging, to have and hold it to Grantee, Grantee's heirs, executors, administrators, successors, or assigns forever. Grantor binds Grantor and Grantor's heirs, executors, administrators, and successors to warrant and forever defend all and singular the property to Grantee and Grantee's heirs, executors, administrators, successors, and assigns against every person whomsoever lawfully claiming or to claim the same or any part thereof, except as to the reservations from and exceptions to warranty.

Warranty Deed with Vendor's Lien
U:\mygar\GerryannQuinn, Robert (11,415)\Gaskur, Terrence and Research (Plant-KQ) (11529)\WDVL.wpd

Page 2

VOL     PAGE

289     051

The vendor's lien against and superior title to the Property are retained until each note described is fully paid according to its terms, at which time this deed shall become absolute.

Fiserv ISS and Co., Trustee
FBO Robert Quinn

By: _____          _____
                                                                    Robert Quinn

    Angela Bowman    (Print name)
    Lead Investment Administrator

_____ (Title)

                                    **(Acknowledgment)**

State of Colorado              §

County of Denver              §

Before me, a Notary Public, on this day personally appeared _____, in the capacity of _____ for Fiserv ISS and Co., known to me to be the person whose name is subscribed to the foregoing instrument and acknowledged to me that he/she executed the same for the purposes and consideration therein expressed.

Given under my hand and seal of office this _30_ day of March, 2007.

SEAL :                              _____
                                    Notary Public, State of Colorado
                                    EXP: 01/05/2009

                                    **(Acknowledgment)**

State of Texas               §

County of Hunt              §

Before me, a Notary Public, on this day personally appeared Robert Quinn, known to me through identification of Texas Driver's License, to be the person whose name is subscribed to the foregoing instrument and acknowledged to me that he executed the same for the purposes and consideration therein expressed.

Given under my hand and seal of office this 19th day of March, 2007.

                                    _____
                                    Notary Public, State of Texas

SEAL:   POLLY LANGFORD
        MY COMMISSION EXPIRES
        August 9, 2009

VOL        PAGE
290        175

# WARRANTY DEED WITH VENDOR'S LIEN

# 0614

**Date:** MAY 25, 2007

**Grantor:**   DEBORAH KAY CAVANAUGH

**Grantor's Mailing Address (including county):**

DEBORAH KAY CAVANAUGH
P.O. BOX 474
COOPER, TEXAS 75432
DELTA COUNTY

**Grantee:**   HERB PUTZ

**Grantee's Mailing Address (including county):**

HERB PUTZ
1825 LOCUST GROVE CHURCH ROAD
ORANGE, VA 22960
_____ COUNTY

**Consideration:**   TEN AND NO/100 DOLLARS and other good and valuable consideration and the further consideration of a note of even date that is in the principal amount of $35,224.00 and is executed by Grantee, payable to the order of THE FIRST NATIONAL BANK IN COOPER.  The note is secured by a vendor's lien retained in favor of THE FIRST NATIONAL BANK IN COOPER in this deed and by a deed of trust of even date, from Grantee to EDGAR J. GARRETT, JR., Trustee.

THE FIRST NATIONAL BANK IN COOPER, at Grantee's request, having paid in cash to Grantor that portion of the purchase price of the property that is evidenced by the note described, the vendor's lien and superior title to the property are retained for the benefit of THE FIRST NATIONAL BANK IN COOPER and are transferred to THE FIRST NATIONAL BANK IN COOPER without recourse on Grantor.

**Property (including any improvements):**

See Exhibit "A" attached hereto and made a part hereof just as if copied herein verbatim.

**Reservations From and Exceptions to Conveyance and Warranty:**

Easements, rights-of-way, and prescriptive rights, whether of record or not; all presently recorded instruments, other than liens and conveyances, that affect the property;

C:\Documents and Settings\Cooper_Owner\My Documents\SHANNON'S DOCS\FNB\PURCHASE OF PROPERTY LOAN DOCS\WARRANTY DEED VL FROM HEIRS.wpd

D.07-6764

VOL       PAGE

290       176

Taxes for the current year, the payment of which Grantee assumes.

Grantor, for the consideration, receipt of which is acknowledged, and subject to the reservations from and exceptions to conveyance and warranty, grants, sells and conveys to Grantee the property, together with all and singular the rights and appurtenances thereto in any wise belonging, to have and hold it to Grantee, Grantee's heirs, executor, administrators, successors or assigns forever. Grantor binds Grantor and Grantor's heirs, executors, administrators and successors to warrant and forever defend all and singular the property to Grantee and Grantee's heirs, executors, administrators, successors and assigns against every person whomsoever lawfully claiming or to claim the same or any part thereof, except as to the reservations from and exceptions to conveyance and warranty.

The vendor's lien against and superior title to the property are retained until each note described is fully paid according to its terms, at which time this deed shall become absolute.

When the context requires, singular nouns and pronouns include the plural.

_____
DEBORAH KAY CAVANAUGH

## ACKNOWLEDGMENT

**STATE OF TEXAS**                §
                                 §
**COUNTY OF DELTA**               §

This instrument was acknowledged before me on May 31
2007, by DEBORAH KAY CAVANAUGH.

_____
Notary Public, State of Texas

#FO614
VOL        PAGE

Foster Land Survey       17325 FM 197   Arthur City, TX 75411
(903) 739-9166    fx (903) 783-9159

## Field Notes

Situated about 3.6 miles North 14° East from the City of Cooper, in the County of Delta, State of Texas, a part of the A. Askey Survey #2 and being all of a called 30 acre 2nd tract (calculates 40 acres by deed) conveyed to Glenna Faye Cavanaugh by deed recorded in Vol. 227, Page 835 of the Official Public Records of said County and State.

Beginning at a 3/8" iron pin found in the center of County Road #4310 and being the Northwest corner of a called 34 1/6 acre tract of land conveyed to Murray Carrington et ux by deed recorded in Vol. 142, Page 576 of the Deed Records of said County and State, from said point a 3/8" capped iron pin (HF 5699) found bears South 0°29'47" West a distance of 1186.49', said point being the Southwest corner of the Cavanaugh tract.

Thence North 89°59'01" East a distance of 2477.79' to a 3/8" capped iron pin (HF 5699) found in the West boundary line of a called 26.97 acre tract of land conveyed to Jerry P. Simpson by deed recorded in Vol. 183, Page 561 of said deed records, said point being the Northeast corner of the 34 1/6 acre tract and the Southeast corner of the Cavanaugh tract;

Thence North 0°40'02" West a distance of 721.61' to a 3/8" spike nail found at the Southeast corner of a called 80.8619 acre tract #1 conveyed to Signe E. Putz by deed recorded in Vol. 240, Page 648 of said Official Public Records, from said point an axle found at the Northeast corner of the 80.8619 acre tract bears North 0°17'24" East a distance of 1431.14';

Thence North 89°38'24" West a distance of 2469.85' to a 3/8"capped iron pin (HF 5699) set in the center of County Road #4310, said point being the Southwest corner of the 80.8619 acre tract, from said point a ½" iron pin found at the Northwest corner of the 80.8619 acre tract bears North 0°2'06" West a distance of 1415.60';

Thence South 0°01'55" East along said County Road a distance of 737.78' to the point of beginning and containing 41.44 acres of land.

I, Hayden Foster, Registered Professional Land Surveyor, No. 5699 do hereby certify that this plat represents an on the ground survey made under my direct supervision. There doesn't appear to be any encroachments other than those shown hereon. Reference Bearing = North boundary line of the 80.8619 acre tract #1 conveyed in Vol. 240, Page 648 DCOPR (East).

Hayden Foster _____ date ___05/20/07___

Page 1 of 1





#825

VOL 227 PAGE 0835

# WARRANTY DEED

Date:          August 7, 1995

Grantor:     RUBY FAYE LARKIN

Grantor's Mailing Address (including county):          Route 1, Box 27, Cooper, Delta County, Texas
                                                                           75432

Grantee:     GLENNA FAYE CAVANAUGH

Grantee's Mailing Address (including county):          1417 High Meadow Circle, Garland, Texas
                                                                           75040-7503

Consideration: Love and affection

Property (including any improvements):          SEE EXHIBIT "A" ATTACHED HERETO AND
                                                                  MADE A PART HEREOF JUST AS IF COPIED
                                                                  HEREIN VERBATIM

Reservations from and Exceptions to Conveyance and Warranty:
    This conveyance is made and accepted subject to any and all restrictions, covenants, conditions,
easements, rights of way and reservations of record in the hereinabove mentioned county and state, if any,
applicable to the herein conveyed property, or any part thereof, including but not limited to the following:

## THIS DOCUMENT WAS PREPARED WITHOUT BENEFIT OF TITLE EXAMINATION.

    Grantor, for the consideration and subject to the reservations from and exceptions to conveyance and
warranty, grants, gives, and conveys to Grantee the property, together with all and singular the rights and
appurtenances thereto in any wise belonging, to have and hold it to Grantee, Grantee's heirs, executors,
administrators, successors, or assigns forever. Grantor binds Grantor and Grantor's heirs, executors,

WARRANTY DEED - PAGE 1

#825

VOL 227 PAGE 0836

administrators, and successors, to warrant and forever defend all and singular the property to Grantee and Grantee's heirs, executors, administrators, successors, and assigns against every person whomsoever lawfully claiming or to claim the same or any part thereof, except as to the reservations from and exceptions to conveyance and warranty.

When the context requires, singular nouns and pronouns include the plural.

EXECUTED this __7__ day of August, 1998.

*Ruby Faye Larkin*
RUBY FAYE LARKIN

(Acknowledgment)

STATE OF TEXAS )
)
COUNTY OF Lamar )

This instrument was acknowledged before me on the __11__ day of August, 1998, by RUBY FAYE LARKIN.


MARY W CLARK
Notary Public
State of Texas
My Commission Expires
April 18, 2000

_____
Notary Public, State of Texas

AFTER RECORDING RETURN TO:
Glenna Cavanaugh
1417 High Meadow Circle
Garland, Texas 75040-7503

PREPARED IN THE LAW OFFICE OF:
THE MOORE LAW FIRM, L.L.P.
108 Bonham Street
Paris, Texas 75460

WARRANTY DEED - PAGE 2

Exhibit "A"  #335        VOL 227 PAGE 0837

FIRST TRACT  all that certain tract or parcel of land, a part of the Grider Survey, Delta County, Texas, and more fully described as being 30 acres of land off of South side of 80 acres of land, once owned by J. W. Cross, now deceased;

BEGINNING at the S. E. Corner of said 80 acre tract of land in E. B. line of said Grider survey on the W. B. line A. Askey survey;

THENCE NORTH 187-1/2 varas a stake on E. B. line of said Grider survey;

THENCE WEST 904 varas the W. B. line of said Grider survey a stake;

THENCE SOUTH with said W. B. line 187-1/2 varas to S. W. corner of said 80 acre tract;

THENCE EAST 904 varas to the place of beginning, CONTAIN-ING  30 acres of land.

SECOND TRACT:  all that certain tract or parcel of land a part of the A. Askey survey and a part of a certain 140 acre tract set apart by partition to the heirs of J. H. Ingersoll by District Court of Delta County, Texas, off the South end of a 320 acre tract out of the same survey and the the tract hereby conveyed is 40 ACRES off the North end of the said 140 acre tract being described as follows:

BEGINNING at a stake 108-95/100 poles North of the S. W. corner of said 320 acre tract on the W. B. line of the same;

RUNS THENCE North to the partition line between Doboney and the heirs of said Ingersol  43-58/100 poles a stake;

THENCE EAST  with the said partition line 146-6/7 poles to the E. B. line of said 320 acre tract;

THENCE SOUTH 43-58/100 poles a stake;

THENCE WEST to the place of beginning, CONTAINING 30 acres of land.

VOL 195 PAGE 512

#4024

WARRANTY DEED WITH VENDOR'S LIEN

THE STATE OF TEXAS     §
                       §    KNOW ALL MEN BY THESE PRESENTS:
THE COUNTY OF DELTA     §

That I, EDNA HAGOOD, of the County of Orange, State of Texas, for and in consideration of the sum of TEN AND NO/100 DOLLARS and other valuable consideration cash to the undersigned paid by the grantees herein named, the receipt of which is hereby acknowledged, and the further consideration of the additional sum of FORTY FIVE THOUSAND ONE HUNDRED SEVENTY SEVEN AND 93/100THS DOLLARS ($45,177.93) paid by Grantees on and in accordance with the terms of one certain promissory note of even date herewith, in the principal sum of $45,177.93 executed by Grantees payable to EDNA HAGOOD, at Vidor, Orange County, Texas, said Note bearing interest and payable as therein stipulated, until said note, has been fully paid; said note contains the usual attorney's fees clause and acceleration of maturity clause in the event of default in the payment thereof; said note is secured by Vendor's Lien herein and hereby retained, also by a Deed of Trust of even date herewith from the makers of said note to Edgar J. Garrett, Jr., Trustee, on the hereinafter described and conveyed real property; have GRANTED, SOLD AND CONVEYED, and by these presents do GRANT, SELL AND CONVEY unto HERB FUTZ, 54 Shore Drive, Port Chester, New york, New York 10573, all the following described real property in Delta County, Texas, to-wit:

See EXHIBIT "A", attached hereto and made a part hereof just as if copied herein verbatim.

This conveyance is made and accepted subject to any and all valid, outstanding easements, restrictions, reservations and rights-of-way affecting the tract of land herein conveyed.

SAVE AND EXCEPT, and there is hereby reserved unto Grantor, EDNA HAGOOD, her heirs and assigns, an undivided one-half (1/2) interest in the oil, gas and other minerals in and under and that may be produced from the above property, together with the right of ingress and egress at all times for the purpose of mining, drilling, exploring, operating and developing said lands for oil, gas and other minerals and removing the same therefrom.

It is agreed and understood that at the end of twenty-five (25) years from the date of this Warranty Deed an additional one-fourth (1/4) interest is hereby conveyed to E.F. LAND AND CATTLE COMPANY, in and only in the event that there has been no production on said property, in the event of production the additional one-fourth (1/4) interest is not to be conveyed in the oil, gas and other minerals in and under and that may be produced from the above property, together with the right of ingress and egress at all times for the purpose of mining, drilling, exploring, operating and developing said lands for oil, gas and other minerals and removing same therefrom.

It is further agreed and understood that in the event Grantor sells her undivided one-half (1/2) interest in said oil, gas and other minerals, before the end of the twenty-five (25) year period, than and in that event, Grantee has the first option of purchase.

Grantors having paid their pro rata share of the ad valorem taxes on the property herein conveyed for the year 1990, to Grantee, Grantee therefore assumes payment of all ad valorem taxes on the property herein conveyed for the entire year 1990.

TO HAVE AND TO HOLD the above described premises, together with all and singular the rights and appurtenances thereto in anywise belonging unto the said grantee, her heirs and assigns forever; and we do hereby bind ourselves, our heirs, executors and administrators to WARRANT AND FOREVER DEFEND all and singular the said premises unto the said grantee, her heirs and assigns, against every person whosoever lawfully claiming or to claim the same or any part thereof.

KAY3/ddtn-1-90-1842

# 40 24   VOL 195 PAGE 513

But it is expressly agreed that the VENDOR'S LIEN, as well as the Superior Title in and to the above described premises, is retained against the above described property, premises and improvements until the above described note and all interest therein are fully paid according to the face, tenor, effect, and reading thereof, when this Deed shall become absolute.

EXECUTED this 20th day of September, 1950.

<u>Edna Hagood</u>
EDNA HAGOOD

THE STATE OF TEXAS     §
THE COUNTY OF GREEN   §
        Orange        §

BEFORE ME, the undersigned authority, on this day personally appeared EDNA HAGOOD, known to me to be the persons whose names are subscribed to the foregoing instrument, and acknowledged to me that she executed the same for the purposes and consideration therein expressed.

GIVEN UNDER MY HAND AND SEAL OF OFFICE on this the 20th day of September, 1950.


<u>Dianna Kellough</u>
Notary Public, State of Texas

DIANNA KELLOUGH
NOTARY PUBLIC STATE OF TEXAS
MY COMMISSION EXP
APRIL 9, 93

KAY3/ddtn-i-90-1842

VOL 1 95 PAGE 5 1 4     #.4024

EXHIBIT A

## TRACT ONE

Being situated in A. Askey Survey, Abstract No. 2, Delta County, Texas and being
the same land conveyed to Charlie Hagood by Frank Hagood by deed recorded in
Volume 137, Page 479, Deed Records, Delta County, Texas and being more
particularly described as follows:

BEGINNING at the northwest corner of said tract an iron rod for corner and
being S 85°56'28" E 3414.5 feet from the southeast corner of the G.J. Crider
survey Abstract No.142;

THENCE East along the north line of said tract being the south line of the
Cregg 50 acre tract, a distance of 2477.38 feet to an iron rod for corner;

THENCE S 0°13'12" W along the east line of said tract, a distance of
1430.63 feet to an iron rod for corner;

THENCE N 89° 39'07" W, a distance of 2472.84 feet to an iron rod for
corner;

THENCE N 0° 02'13" E along the west line of said tract being the center
line of a county road, a distance of 1415.6 feet to the point of beginning and
containing 80.8619 acres of land.

## TRACT TWO

Being situated in the B. Phillips Survey, Abstract No. 268, Delta County, Texas
and being the same land conveyed to Charlie Hagood by Frank Hagood by deed
recorded in Volume 92, Page 194, Deed Records Delta County, Texas and being
more particularly described as follows:

BEGINNING at the northwest corner of said tract being on the east line of
said Phillips Survey and being South 1858.4 feet and along said east line from
the northeast corner of said survey;

THENCE East along the north line of said tract and along an old
county road, a distance of 1636.73 feet to the northwest corner of said tract;

THENCE South passing an iron rod at a distance of 15.7 feet and continuing
in all a distance of 1297.0 feet to an iron rod for corner;

THENCE S 89°47'45" along an old hedge row, a distance of 1636.73 feet to an
iron rod for corner;

THENCE North along the east line of said tract being the centerline of an
old county road, passing an iron rod at a distance of 1261.54 feet and
continuing in all, a distance of 1297.0 feet to the point of beginning and
containing 48.7334 acres of land.

## TRACT THREE

Being situated in the J.B. Anderson Survey, Abstract No. 3, Delta County, Texas,
and being the same land conveyed to Charlie Hagood by Frank Hagood by deed
recorded in Volume 61, Page 310, Deed Records Delta County, Texas and being
Block 2 of the subdivision of the O.H. Allen land recorded in Book 38, page 198,
Deed Records of said county and being more particularly described as follows:

BEGINNING at a point in the north line of said Anderson survey that is west
1232.55 feet and along said north line from the northwest corner of said survey;

THENCE East along said north line and along the center line of a county
road a distance of 1232.55 feet to a point for corner;

THENCE S 0°02' 31" E passing an iron rod at a distance of 25.0 feet and
continuing along the east line of a dirt road, a distance of 1505.79 feet to
iron rod for corner;

THENCE East a distance o 1232.55 feet to an iron rod for corner;

THENCE N 0°02'31" W passing an iron rod at a distance of 1484.79 feet and
continuing in all, a distance of 1505.79 feet to the point of beginning and
containing 42.607 acres of land,

Filed for record the 18 day of Sept 19 96 12:00 P.M.
Recorded the _____ day of _____ 19 96 8:30 M.
MARY E. PARKS, COUNTY CLERK, DELTA COUNTY, TX. BY _____

# VOL 195 PAGE 514

#4024

EXHIBIT A

## TRACT ONE

Being situated in A. Aubry Survey, Abstract No. 7, Delta County, Texas and being the same land conveyed to Charlie Haygood by Frank Hagood by deed recorded in Volume 137, Page 479, Deed Records, Delta County, Texas and being more particularly described as follows:

BEGINNING at the northwest corner of said tract an iron rod for corner and being S 85°54'28" E 3414.5 feet from the southeast corner of the G.J. Crider survey Abstract No.142;

THENCE East along the north line of said tract being the south line of the Cragg 50 acre tract, a distance of 2477.38 feet to an iron rod for corner;

THENCE S 0°13'12" W along the east line of said tract, a distance of 1430.63 feet to an iron rod for corner;

THENCE N 89° 39'07" W, a distance of 2472.84 feet to an iron rod for corner;

THENCE N 0° 02'13" E along the west line of said tract being the center line of a county road, a distance of 1415.6 feet to the point of beginning and containing 80.8619 acres of land.

## TRACT TWO

Being situated in the B. Phillips Survey, Abstract No. 268, Delta County, Texas and being the same land conveyed to Charlie Hagood by Frank Hagood by deed recorded in Volume 92, Page 194, Deed Records, Delta County, Texas and being more particularly described as follows:

BEGINNING at the northwest corner of said tract being on the east line of said Phillips Survey and being South 1958.4 feet and along said east line from the northeast corner of said survey;

THENCE N 89°47'45" W along the north line of said tract and along an old county road, a distance of 1636.73 feet to the northwest corner of said tract;

THENCE South passing an iron rod at a distance of 15.7 feet and continuing in all a distance of 1297.0 feet to an iron rod for corner;

THENCE S 89°47'45" along an old hedge row, a distance of 1636.73 feet to an iron rod for corner;

THENCE North along the east line of said tract being the centerline of an old county road, passing an iron rod at a distance of 1261.54 feet and continuing in all, a distance of 1297.0 feet to the point of beginning and containing 48.7304 acres of land.

## TRACT THREE

Being situated in the J.B. Anderson Survey, Abstract No. 3, Delta County, Texas and being the same land conveyed to Charlie Hagood by Frank Hagood by deed recorded in Volume 63, Page 310, Deed Records Delta County, Texas and being Block 2 of the subdivision of the J.B. Allen land recorded in Book 38, page 198, Deed Records of said county and being more particularly described as follows:

BEGINNING at a point in the north line of said Anderson survey that is west 1232.55 feet and along said north line from the northeast corner of said survey;

THENCE West along said north line and along the center line of a county road a distance of 1232.55 feet to a point for corner;

THENCE S 0°02' 31" E passing an iron rod at a distance of 25.0 feet and continuing along the east line of a dirt road, a distance of 1505.79 feet to iron rod for corner;

THENCE East a distance o 1232.55 feet to an iron rod for corner;

THENCE N 0°03'31" W passing an iron rod at a distance of 1484.79 feet and continuing in all, a distance of 1505.79 feet to the point of beginning and containing 42.607 acres of land.

Filed for record the 28 day of Sept. 19 76 at 12:10 P.M.
Recorded the 3 day of ____ 19 76 8:30 P.M.
MARY E. FRESA COUNTY CLERK, DELTA COUNTY, TX. BY

# Herb Putz

| | |
|---|---|
| **From:** | Carroll, Bob A <Bob.Carroll@atmosenergy.com> |
| **Sent:** | Wednesday, March 12, 2014 2:28 PM |
| **To:** | Putz Farms |
| **Subject:** | RE: CASE 10693 IN TH DISTRICT COURT OF DELTA COUNTY |

Thanks!

Just send me the information and we will contact.

**From:** Putz Farms [mailto:putzfarms@wildblue.net]
**Sent:** Wednesday, March 12, 2014 1:09 PM
**To:** Carroll, Bob A
**Subject:** RE: CASE 10693 IN TH DISTRICT COURT OF DELTA COUNTY

Thank you for providing us the data. Do we try to settle through Mr. Terrell or you or provide name address/e-mail/phone # of person Thanks

**From:** Carroll, Bob A [                                              ]
**Sent:** Wednesday, March 12, 2014 11:25 AM
**To:**
**Cc:**                                 ; Hofmann, Nick; Flood, Raphael
**Subject:** FW: CASE 10693 IN TH DISTRICT COURT OF DELTA COUNTY

Mr. Putz,

Mr. Terrell has joined a different law firm and still represents Atmos.

The work began @ 7/25/2013 on the pipeline replacement and was completed 8/30/2013.  The damaged area was 50' X 4,740' + 237,500 sq. ft. for a total of @ 6 acres of crop damages.

Thanks
Bob

**From:** Harwell, David W
**Sent:** Monday, March 10, 2014 8:29 AM
**To:** Carroll, Bob A;
**Cc:** 'Teresa Wonka (                                      )'
**Subject:** RE: CASE 10693 IN TH DISTRICT COURT OF DELTA COUNTY

Construction started a couple of days @ 7/25/13 and the replacement was completed on 8/30/13.

**From:** Putz Farms [                                      ]
**Sent:** Friday, March 07, 2014 2:37 PM
**To:** Carroll, Bob A
**Subject:** FW: CASE 10693 IN TH DISTRICT COURT OF DELTA COUNTY

Good afternoon Mr. Carroll – when can we expect the requested documents – as we need to move forward settling the damages you caused us and to which you are committed to hold us harmless under the ROW agreement?

1

**From:** Putz Farms [                    ]
**Sent:** Friday, February 28, 2014 3:58 PM
**To:** 'bob.carroll@atmosenergy.com'
**Subject:** CASE 10693 IN TH DISTRICT COURT OF DELTA COUNTY

Good afternoon – we just learned that Mr. Terrell no longer represents ATMOS. Atmos damaged our standing crop.
Please provide us immediately the (i)  date and time when Atmos and their agent entered and performed certain work
(ii) the description of the work performed (iii) the length and the width of work on our property.  Rgds Dr. H Putz

**HERBERT R. PUTZ**
1825 Locust Grove Church Rd.
Orange, VA 22960
(540) 406 7054

December 1, 2017

The Honorable Clerk
Karen Mitchell
United States District Court
Northern District of Texas
1100 Commerce Street
Dallas, TX 75242

RE: Herbert R. Putz v. Atmos Energy Corporation

Honorable Ms. Mitchell,

Please find enclosed (i) original and a copy of PLAINTIFFS' ORIGINAL COMPLAINT TO COMPEL DEFENDANT TO APPOINT THEIR "DISINTERESTED PERSON" TO PROCEED WITH THE ALTERNATE DISPUTE RESOLUTION STIPULATED IN THE EASEMENT AGREEMENTS; (ii) Summon in a Civil Action; (iii) Check drawn on Virginia National Bank in the amount of $ 400,00 for fees in conjunction with the complaint.

If you have any questions or I did miss something I appreciate contacting me at (540) 406 7054 or.

Respectfully,



Mr. Herb Putz
1825 Locust Grove Church Rd
Orange, VA 22960

7016 0750 0000 9787 5183

PLACE STICKER AT TOP OF ENVELOPE TO THE RIGHT
OF THE RETURN ADDRESS, FOLD AT DOTTED LINE

CERTIFIED MAIL

7016 0750 0000 9787 5183

U.S. POSTAGE
PAID
ORANGE, VA
22960
DEC 01 17
AMOUNT
$13.90
1006   75242   R2306M144333-03

RECEIVED
DEC – 4 2017
CLERK U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS

The Honorable
Karen Mitchel
U.S. District Court
Northern District Texas

1100 Commerce St

Dallas Tx 75242