IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| HERBERT R. PUTZ, | § |
| | § |
| Plaintiff, | § |
| | § |
| v. | §   No. 3:17-CV-03280-G (BT) |
| | § |
| ATMOS ENERGY CORPORATION, | § |
| | § |
| Defendant. | § |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Defendant Atmos Energy Corporation ("Atmos") has filed a motion to dismiss [ECF No. 8] this *pro se* civil action under Rules 12(b)(1), 12(b)(5), and 12(b)(6) of the Federal Rules of Civil Procedure. For the reasons stated, the District Court should GRANT the motion and DISMISS this case for lack of subject matter jurisdiction.

**Background**

Plaintiff Herbert R. Putz owns certain real property located in Delta County, Texas, subject to various easements owned by Atmos. Pl.'s Compl. 2 [ECF No. 3]. The easement agreements (the "Agreements") between the parties allegedly grant Atmos a right of way for repairing and replacing gas pipelines on Putz's land and further provide that Atmos is responsible to Putz for any damage to his growing crops caused by the "construction, maintenance, and operation" of the pipelines. *See id.*; *see also* Def.'s App. 20, 22, 24, 26, 28, 30 & 32 [ECF No.

1

10]. Additionally, the Agreements provide that any damages not mutually agreed upon by the parties shall be resolved through arbitration. Pl.'s Compl. 2.

In 2013, Atmos performed pipeline repair which allegedly damaged Putz's crops and farmland. *Id.* As a result, Putz attempted to recover damages under the Agreements. *See id.* 3. Counsel for the parties participated in an arbitration proceeding and reached a settlement, but the settlement agreement was not acceptable to Putz. Accordingly, Putz withdrew from the settlement and filed this lawsuit "To Compel Defendant To Appoint Their 'Disinterested Person' To Proceed With The Alternative Dispute Resolution Stipulated In The Easement Agreements." *Id.* 1.

Atmos responded by filing a motion to dismiss the case pursuant to Federal Rules of Civil Procedure 12(b)(1), 12(b)(5), and 12(b)(6). Putz filed a response, and Atmos's motion is now ripe for determination.

## Legal Standard

When, as here, a party files a Rule 12(b)(1) motion in conjunction with other Rule 12 motions, the court should consider the jurisdictional challenge before addressing any attack on the merits. *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001) (citation omitted). This "prevents a court without jurisdiction from prematurely dismissing a case with prejudice." *Id.* When the court dismisses for lack of subject matter jurisdiction, that dismissal "is not a determination of the merits and does not prevent the plaintiff from pursuing a claim in a court that does have proper jurisdiction." *Id.*

2

A motion to dismiss under Rule 12(b)(1) challenges a federal court's subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). The Fifth Circuit distinguishes between a "facial attack" and a "factual attack" on subject matter jurisdiction. *Rodriguez v. Tex. Comm'n on the Arts*, 992 F. Supp. 876, 878 (N.D. Tex. 1998). "A facial attack requires the court merely to decide if the plaintiff has correctly alleged a basis for subject matter jurisdiction" by examining the allegations in the complaint, which are presumed to be true. *Id.* (citation omitted). If the defendant supports the motion with evidence, however, then the attack is "factual," and "no presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims." *Williamson v. Tucker*, 645 F.2d 404, 413 (5th Cir. 1981). Regardless of the attack, "[t]he plaintiff constantly bears the burden of proof that jurisdiction does exist." *Rodriguez*, 992 F. Supp. at 879 ("The burden of proof for a Rule 12(b)(1) motion to dismiss is on the party asserting jurisdiction.") (citations omitted).

In this case, Atmos argues that Putz "failed to plead any legal or factual basis for subject matter jurisdiction." Def.'s Br. 4 [ECF No. 9]. Thus, it appears that Atmos is making a facial attack on the jurisdictional allegations in Putz's complaint. However, Atmos also submitted an appendix containing the parties' state-court pleadings and accompanying exhibits. Def.'s App. 1. Atmos relies on this evidence to prove that diversity jurisdiction is lacking because Putz cannot satisfy the amount in controversy requirement. Def.'s Br. 4. Regardless of the

3

ultimate classification of Atmos's Rule 12(b)(1) motion, Putz cannot meet his burden to prove subject matter jurisdiction.

## Analysis

### Diversity Jurisdiction—Amount in Controversy

District courts have subject matter jurisdiction over civil cases in which the amount in controversy exceeds $75,000.00, exclusive of interest and costs, and in which complete diversity of citizenship exists between the parties. 28 U.S.C. § 1332. "The party seeking to invoke federal diversity jurisdiction bears the burden of establishing both that the parties are diverse and that the amount in controversy exceeds $75,000.00." *Garcia v. Koch Oil Co. of Tex. Inc.*, 351 F.3d 636, 638 (5th Cir. 2003) (citation omitted).

Here, Putz neglected to plead a specific amount of damages. *See* Pl.'s Compl. 2–3. In such an instance, courts require plaintiffs to prove the amount in controversy exceeds $75,000.00 by a preponderance of the evidence. *See, e.g.*, *Double Take Archery, LLC v. Out Rage*, 2015 WL 9426118, at *2 (W.D. Tex. Dec. 22, 2015); *see also St. Paul Reinsurance Co. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998) (holding that this preponderance standard, borrowed from removal cases, should apply to plaintiffs who fail to plead a specific amount in controversy). A Rule 12(b)(1) factual attack places the same burden on a responding plaintiff. *See Paterson*, 644 F.2d at 523.

Putz cannot meet this burden. Atmos has submitted copies of state-court pleadings filed by Putz in a prior lawsuit involving the same dispute between the

4

parties in which Putz alleges that his "[t]otal damages" are only $34,580.32. Def.'s App. 65. Putz failed to file any evidence to show the amount in controversy exceeds $75,000. In response to Atmos's arguments, Putz merely declares— without any identifying any facts to support his assertion—that his damages "*may* well exceed the set limit of $ 75,000.00[.]" Pl.'s Resp. 2–3, ¶ 2 [ECF No. 11] (emphasis added). Putz's equivocal, unsworn statement falls short of establishing by a preponderance of the evidence that the amount in controversy exceeds $75,000.00.

     Moreover, the Agreements upon which Putz's damages are based do not state a specific amount Putz would recover in the event of damage to his farmland. *See* Def.'s App. 20, 22, 24, 26, 28, 30 & 32. Rather, in each Agreement, the easement owner agrees to "pay any damages which may arise to growing crops or fences from the construction, maintenance and operation of [pipelines.]" *Id*. The Agreements further state that "[s]hould more than one pipe line be laid under this grant at any time, the sum of twenty-five cents per lineal rod for each additional line shall be paid . . ." *Id*. Putz alleges that Atmos installed "4,740 linear ft. of new pipe equal to 282.27 rods which.caused [sic] damages to an area of our fields of 50'ft X 4,740'ft = 237,500 sq. ft. or a total of @ [sic] 6 acres of crop damages." Pl.'s Compl. 2. However, Putz never states his total damages resulting from the additional lineal rods of pipeline placed; rather, he provides only the rate of "twenty-five cents per lineal rod for each additional line . . ." *Id*. Assuming the referenced "282.27 rods" is in fact 282.27 *lineal* rods, 282.27 multiplied by

5

twenty-five cents only amounts to approximately $70.57. Putz also fails to state the exact, monetary injury from the "[six] acres of crop damages." *Id*. Putz has thus failed to carry his burden to prove the amount in controversy exceeds $75,000.00; therefore, the Court lacks diversity jurisdiction.

Federal Question Jurisdiction

District courts have original jurisdiction of civil actions arising under the Constitution, laws, or treaties of the United States. 28 U.S.C. § 1331. "[T]he question of whether a claim 'arises under' federal law must be determined by reference to the 'well-pleaded complaint.'" *Merrell Dow Pharms. Inc. v. Thompson,* 478 U.S. 804, 808 (1986) (citation omitted). Typically, a "federal question exists only [in] those cases in which a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Singh v. Duane Morris LLP,* 538 F.3d 334, 337–38 (5th Cir. 2008) (internal quotation omitted).

Atmos asserts that "[t]he only federal law that could possibly be at issue regarding Plaintiff's request for relief is the Federal Arbitration Act . . ." Def.'s Br. 5. The Court agrees. Putz's complaint is entitled "Plaintiffs' Original Complaint to Compel Defendant to Appoint Their 'Disinterested Person' to Proceed with the Alternative Dispute Resolution Stipulated in the Easement Agreements." Pl.'s Compl. 1. While Putz does not specifically invoke the Federal Arbitration Act (the "FAA") or any other federal law, the Court recognizes that Putz seeks to compel

6

arbitration under the authority of section 4 of the FAA, which provides that a party may petition for an order compelling arbitration in "any United States district court which, save for [the arbitration] agreement, would have jurisdiction under title 28, in a civil action . . . of the subject matter of a suit arising out of the controversy between the parties." 9 U.S.C. § 4; *see also Vaden v. Discover Bank*, 556 U.S. 49, 63 (2009) ("The phrase 'save for [the arbitration] agreement' indicates that the district court should assume the absence of the arbitration agreement and determine whether it 'would have jurisdiction under title 28' without it.") (citation omitted). However, the FAA is not an independent grant of federal jurisdiction. *Smith v. Rush Retail Ctrs., Inc.*, 360 F.3d 504, 505 (5th Cir. 2004).

The present dispute arises out of the Agreements. Typically, "actions arising out of alleged violations of easement rights are usually heard in state court, because they involve application of state law." *Evans v. Tubbe*, 657 F.2d 661, 664 (5th Cir. 1981). Atmos's easements and Putz's land are in Texas. Pl.'s Compl. 2. As such, the present dispute involves the application of Texas law. However, "if there is some basis for federal jurisdiction (such as diversity), federal courts are perfectly free to adjudicate state law easement claims." *Evans*, 657 F.2d at 664. In *Evans*, the court exercised subject matter jurisdiction because the plaintiffs brought claims under 42 U.S.C. §§ 1981 & 1982 and the Fair Housing Act, which claims were "independent of any state property law claim . . ." *Id.* at 662, 665. Here, however, the Court has already established it does not

7

have diversity jurisdiction, and, unlike the *Evans* plaintiffs, Putz seeks an arbitral adjudication of state property law claims only. Pl.'s Compl. 1–2. Looking to the underlying dispute Putz seeks to have arbitrated, the Court finds that Putz cannot show that his case arises under federal law. Thus, the Court does not have federal question jurisdiction.

## Recommendation

The Court lacks subject matter jurisdiction to adjudicate the parties' dispute. Accordingly, Defendant Atmos Energy Corporation's Motion to Dismiss [ECF No. 8] should be granted pursuant to Federal Rule of Civil Procedure 12(b)(1), and Plaintiff Herbert R. Putz's claims should be DISMISSED without prejudice.[1]

**SO RECOMMENDED**.

November 2, 2018.

_____
REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

---

[1] Because subject matter jurisdiction is lacking, the Court pretermits consideration of Atmos's alternate arguments for dismissal.

# **INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT**

The United States District Clerk shall serve a true copy of these findings, conclusions, and recommendation on the parties. Pursuant to Title 28, United States Code, Section 636(b)(1), any party who desires to object to these findings, conclusions, and recommendation must serve and file written objections within fourteen days after service of the findings, conclusions, and recommendation. A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory, or general objections. A party's failure to file such written objections to these proposed findings, conclusions, and recommendation shall bar that party from a *de novo* determination by the District Court. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985). Additionally, any failure to file written objections to the proposed findings, conclusions, and recommendation within fourteen days after service shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).